**VIRGIN ISLANDS WATER AND POWER AUTHORITY,**
Appellant

v.

**VIRGIN ISLANDS TELEPHONE CORPORATION, Appellee**

Criminal No. 80-128

District Court of the Virgin Islands

Div. of St. Croix

April 29, 1981

JOHN G. SHORT, ESQ. (DUDLEY, MARTIN & DUDLEY), St. Thomas, V.I., *for appellant*

EDITH L. BORNN, ESQ., St. Thomas, V.I., *for appellee*

SILVERLIGHT, *Judge, Sitting By Designation*

## MEMORANDUM

### I

On May 18, 1977, the Virgin Islands Water and Power Authority (WAPA) filed suit against the Virgin Islands Telephone Corporation (VITELCO). WAPA sought payment for power allegedly delivered to VITELCO but not included in VITELCO's monthly bills. The case proceeded in a rough fashion: there were many delays and various procedural time limits were ignored. The Honorable Antoine L. Joseph was with the case from its filing, observed the conduct of the parties and ultimately dismissed the case with prejudice for failure to prosecute. A motion for reconsideration was filed. A hearing was held on the motion and the motion was denied. On April 22, 1980, a written order was entered confirming Judge Joseph's decision to dismiss. This appeal followed.

█ A trial court has the inherent power to dismiss a case for want of prosecution. That power has been codified, in part, by Rule

41(b) Fed. R. Civ. P.,[1] applicable in the Territorial Court pursuant to Title 5 Appendix IV V.I.C. Rule 7. The power ". . . is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the (Territorial) . . . Courts." Link v. Wabash, 370 U.S. 626, 629–30 (1962). Accordingly, the trial court here had the power to dismiss for lack of prosecution; the issue presented, then, is whether the trial court properly exercised that power in this case.

■ ■ This court will not disturb the decision of a Territorial Court Judge to dismiss a case for lack of prosecution unless it is apparent that an abuse of discretion has occurred.[2] Link, supra; Sperring v. Texas Butadiene and Chemical Corporation, 434 F.2d 677 (3rd Cir. 1974). This standard has been explained as follows:

> . . . the exercise of discretion of the trial judge should not be disturbed unless there is a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors." State SS. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970); quoted in Wright and Miller, Federal Practice and Procedure: Civil § 2376.

Upon careful review of the record in the matter sub judice, this court finds no abuse of discretion by the court below and the Judgment of the Territorial Court will be affirmed.

## II

■ ■ The court will not recount the entire course of this litigation. It is sufficient to list some of the incidents revealed by the record:

—The first trial date in this matter was September 15, 1977. WAPA moved for a continuance on September 12 because one of its witnesses, Robert Goodman, was unavailable.

—VITELCO filed a summary judgment motion on March 20, 1978. The motion was granted on May 10, 1978. WAPA did

---

[1] Link v. Wabash, 370 U.S. 626 (1962); Ordnance Gauge Co. v. Jacquard Knitting, 21 F.R.D. 575 (D.C. Pa. 1958), aff'd., 265 F.2d 169 (3rd Cir. 1959).

[2] Unlike most appellate courts, this court has an active trial function as well as its appellate function. This dual function enhances the court's awareness of the advantages held by a trial court in making certain determinations: the trial judge is often in a position to discern the reality behind the court record. Accordingly, this court is particularly solicitous of the trial court's discretion and takes the abuse of discretion standard quite seriously.

not respond to the summary judgment motion prior to its grant.

—WAPA waited two and a half months after the entry of summary judgment against it before it moved to vacate that judgment.

—WAPA filed its first set of interrogatories some two years after the case was begun.

—WAPA did not put any questions to Mr. Goodman at deposition despite the fact that one continuance had been granted because of his unavailability and despite the fact that he lived in New York State and thus was likely to be unavailable on another occasion.

—WAPA refused to proceed at trial on September 13, 1979 after the trial judge denied its motion for a continuance; the reason submitted for the requested continuance and for the refusal to proceed: the unavailability of Robert Goodman.

WAPA is not without explanation for these incidents. As to the September 1977 continuance, WAPA points out that VITELCO had not answered the complaint at that date. That is hardly a basis for a plaintiff's motion for a continuance. As to the summary judgment dispute, WAPA claims to have had no notice of the motion. VITELCO contests that claim. In any event, no claim is made of lack of notice of the summary judgment itself and no explanation is presented as to the delay in seeking a vacation of that judgment. As to the September 13, 1979, motion for a continuance, WAPA urges that two hurricanes interfered with receipt of notice of the trial date. WAPA concedes, however, that it did receive notice of the trial one week in advance. WAPA urges that it learned of its witness' unavailability only on the Monday of the trial week.[3] WAPA does not explain why it waited until Wednesday of that week before it sent its motion for continuance to the court.[4] Finally, it is to be recalled that WAPA chose not to depose its own witness when he was available in the Virgin Islands. Had such a deposition been made, WAPA would have been able to present a case on September 13, 1979, when Judge Joseph denied WAPA's motion for a continuance. Rule 32(a)(3) Fed. R. Civ. P.; Rule 804(b)(1) F.R.E. On balance, due diligence is not presented by this record.

---

[3] Hearing Transcript (September 13, 1979), p. 2.

[4] The September 13 hearing was on a Thursday. At the hearing counsel for WAPA stated that he had sent his motion for a continuance to the court on the previous day. Hearing Transcript (September 13, 1979), p. 3.

■ WAPA presents various arguments to support its contention that Judge Joseph's dismissal must be reversed. WAPA points to various instances in which the case was delayed by VITELCO. Indeed, VITELCO is not without fault in this case's slow progress. WAPA urges VITELCO's role in various delays as a basis for reversing the trial court's decision to dismiss. Although a defendant's delay may influence a court's decision on a motion to dismiss for failure to prosecute,[5] the presence of such delay is not a controlling factor. Rather, it is for the trial court to determine the weight to be given defendant's delay. Upon review of the record, we find no abuse of discretion in the trial court's decision not to use VITELCO's delay as a counterbalancing bar to the dismissal for failure to prosecute.

■ WAPA urges that it has changed attorneys since the incidents set forth above and that it should not be punished for the failings, if any, of its former attorney. The United States Supreme Court has answered that argument:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in this action and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation. Link, supra at 633-34.

This analysis is particularly appropriate here. WAPA is a public utility and not an indigent: it is in a position to choose its attorneys.

■ WAPA argues that prejudice to the defendant is a prerequisite for a dismissal for failure to prosecute. This is not the rule. Indeed, the defendant in the Link case never even requested a dismissal, let alone demonstrated prejudice, yet the Supreme Court upheld the trial court's dismissal for failure to prosecute. As with defendant initiated delay, prejudice to the defendant is but one factor to be considered by the trial court on a motion to dismiss for failure to prosecute.[6] A certain amount of prejudice is always created by the

---

[5] See Tinnerman Products Inc. v. George Ganett Co., 22 F.R.D. 56, 57 (E.D. Pa. 1958), aff'd., 292 F.2d 137 (3rd Cir. 1961), cert. denied, 368 U.S. 833 (1961) and the Foxboro Company v. Fischer & Porter Company, 29 F.R.D. 522, 523 (E.D. Pa. 1961).

[6] Davis v. Williams, 588 F.2d 69 (4th Cir. 1978); Messanger v. U.S., 231 F.2d 328, 330 (2nd Cir. 1956).

mere pendency of a claim. WAPA's claim concerns events as far removed as 1972. VITELCO argues that WAPA's delay increased the already heavy burden of preparing a defense to a claim this old. Without assigning any particular weight to VITELCO's argument, this court finds no abuse of discretion in the trial court's handling of the prejudice factor.

Finally, WAPA argues that Judge Joseph was misled by counsel for VITELCO at the September 13, 1979, hearing. WAPA urges that Judge Joseph relied on VITELCO's counsel's mistaken assertion "that trial of the action has been postponed several times due to the absence of Robert Goodman . . . ."[7] First, it must be noted that the September 13 hearing was not ex parte. Counsel for WAPA had an opportunity to speak after the complained of remarks were made. Counsel did not use that opportunity to correct those remarks. Second, and more important, this court does not read Judge Joseph's remarks as in reliance on VITELCO's representations. Rather, it is apparent that Judge Joseph was tired of continuances in this case in general and those initiated or joined by the plaintiff in particular.

### III

The situation presented by this appeal was aptly described by Judge William Hastie in another case:

> Had I been trial judge in (this case) . . . , I might well have imposed some sanctions less severe than dismissing the (action) . . . . But I am not persuaded that the dismissal of the action was an inappropriate or intolerably harsh response constituting reversible abuse of discretion. Fischer v. Buchl, 450 F.2d 950, 952 (3rd Cir. 1971) (Hastie, dissenting).

The Judgment of the Territorial Court will be affirmed.

### JUDGMENT

This matter came on before the Court on appeal from a Judgment of the Territorial Court of the Virgin Islands. The Court having heretofore entered its opinion on this appeal, and the Court being fully satisfied in the premises,

IT IS ORDERED, ADJUDGED AND DECREED that the Judgment of the Territorial Court of the Virgin Islands in this cause be, and hereby is, AFFIRMED.

---

[7] Supplemental Brief of Appellant, p. 1.