**NEWLAND MORAN REAL ESTATE, Appellant**
**v.**
**GREEN CAY PROPERTIES, INC., INVERNESS HOTEL CORPORATION,**
**RICHARD LOCKE and VICTORIA LOCKE, and GEORGE HINDELS, Appellees**

Civ. No. 1996/0137

District Court of the Virgin Islands

Div. of St. Croix, Appellate Div.

March 15, 1999

KATHLEEN MACKAY, ESQ., St. Thomas, U.S.V.I., *for Appellant*

JOEL HOLT, ESQ., St. Croix, U.S.V.I., *for Green Cay Properties, Inverness Hotel & Lockes, Appellees*

MARIE E. THOMAS, ESQ., RICHARD P. FARRELLY, ESQ., St. Thomas, U.S.V.I., *for George Hindels, Appellees*

MOORE, *Chief Judge*

211

Because appellant's Rule 60(b) motion did not toll the time for appealing the Territorial Court's dismissal of these actions for lack of prosecution, appellant's appeal of the dismissal was not timely. We, therefore, lack jurisdiction to review the order of dismissal. We do, however, have jurisdiction to consider appellant's timely appeal of the trial court's denial of the Rule 60(b) motion for relief from judgment. For the reasons stated below, we vacate the trial court's order denying the motion and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

This case arose out of a dispute concerning the non-payment of a real estate broker's commission in the amount of One Hundred Thirty Thousand Dollars ($130,000.00). Newland Moran Real Estate ["Newland Moran" or "appellant"], plaintiff below, alleged that it procured the sale of real property on St. Croix, Virgin Islands known as Cheney Bay, and should, therefore, have receiveda five percent broker's commission on the sale. Appellees[1] denied that any commission was due.

On appellant's request, the trial court ordered this matter into mediation on March 7, 1995, but mediation never took place, and Hurricane Marilyn hit the Virgin Islands in September of 1995. The Court takes judicial notice that the island of St. Thomas, on which the offices of appellant's attorneys were located, was devastated. Electric power was not fully restored until December and telephone service was not reconnected for many St. Thomians until well into the Spring of 1996. The Territorial Court, Division of St. Croix, nevertheless noted that the case was not progressing and on April 16, 1996, entered an order that it would be dismissed for lack of prosecution within thirty days unless Newland Moran took steps to move the case forward. There being no movement in the

---

[1] On February 27, 1997, this Court granted appellant's motion to strike the brief of appellee, George Hindels, on grounds that said brief was untimely filed. Mr. Hindels did not respond to appellant's motion to strike. The Court found that although appellee Hindels could have sought an extension of time pursuant to Fed. R. App. P. 26(b) to file his brief, he failed to do so. The Court's Order further precluded Mr. Hindels from offering any oral argument in this matter pursuant to Fed. R. App. P. 31(c).

case within the thirty-day period, on June 12, 1996, ten months after Hurricane Marilyn, the court ordered that the matter be dismissed without prejudice. Thirty-five days later, on July 17, 1996, appellant filed a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b).

In support of its motion, appellant offered as reasons for the delay in pursuing the case that Hurricane Marilyn struck the Virgin Islands on September 14, 1995, severely damaging counsel's office, and appellant never received the order entered on April 16, 1996 which stated that the matter would be dismissed if no action was taken within 30 days. Appellant's counsel sought to excuse the failure to mediate on the belief that a support staff member of counsel for several appellees would attempt to coordinate the availability of all parties and assist in scheduling the mediation in the latter part of August. (Joint Appendix ["J.A."] at 11, 13, 24-25.)

The trial judge was of the opinion that Newland Moran had failed to "show good cause or excusable neglect for the delay in prosecuting" the case and denied the motion on August 30, 1996. (J.A. at 8.) Appellant filed its notice of appeal on September 11, 1996.

## DISCUSSION

### A. Jurisdiction & Standard of Review

This Court has appellate jurisdiction to review final judgments and orders of the Territorial Court pursuant to V.I. CODE ANN. tit. 4, § 33. Jurisdiction being a question of law is subject to plenary review. *E.g., Rivera v. Government of the Virgin Islands*, 37 V.I. 68, 73, 981 F. Supp. 893, 897 (D.V.I. APP. DIV. 1997). Denial of a Rule 60(b) motion is reviewed for abuse of discretion. *See Agostini v. Felton*, 521 U.S. 203, 117 S. Ct. 1997, 2017, 2027, 138 L. Ed. 2d 391 (1997); *Lorenzo v. Griffith*, 29 V.I. 380, 384, 12 F.3d 23, 26 (3d Cir. 1993).

### B. Untimely Notice of Appeal on June 12th Dismissal

Briefly summarized, the order of dismissal was entered on June 12, 1996, and appellant's motion to reopen was filed on July 17, 1996. The Territorial Court entered an order denying appellant's

213

Rule 60(b) motion to reopen on August 30, 1996, and appellant's notice of appeal was filed on September 11, 1996.[2]

Although appellant's initial motion did not identify the rule upon which it relied, its rebuttal made clear that it was relying on FED. R. CIV. P. 60(b).[3] Under most circumstances, private civil appeals must be filed within thirty days of the date of entry of the judgment or order being appealed. A Rule 60(b) motion filed within ten days of the entry of an order dismissing a case, however, tools the time for appeal until the trial court decides the motion. FED. R. APP. P. 4(a)(4).[4] Thus, a Rule 60(b) motion suspends a notice of appeal only if it is filed within ten days after the order or judgment is entered.

■ Here, the Territorial Court entered its order dismissing the case on June 12, 1996, and appellant did not toll the appeal time since its Rule 60(b) motion was not filed until thirty-five days later. The thirty-day time for filing a notice of appeal ran out on July 12, 1996. Appellant's notice of appeal, however, was not filed until September 11, 1996, well outside the allowable period. This Court, therefore, has no jurisdiction to review the June 12th dismissal order.

## C. Timely Notice of Appeal on Territorial Court's Denial of Rule 60(b) Motion

■ This Court, on the other hand, does have jurisdiction to review the denial of appellant's Rule 60(b) motion. Since a motion under Rule 60(b) is not a substitute for an appeal of the underlying

---

[2] The record before this Court is unclear exactly when the notice of appeal was filed because the document was not date stamped in the Territorial Court. The notice was dated by counsel on September 11, 1997. Thus, the earliest date the appeal could have been filed was September 11 t h

[3] Absent local law to the contrary, the Federal Rules of Civil Procedure, as well as the Federal Rules of Appellate Procedure, apply in the Territorial Court of the Virgin Islands. TERR. CT. R. 7.

[4] This appeal was filed before the promulgation of the Virgin Islands Rules of Appellate Procedure. The applicable rule is now V.I. R. APP. P. 6(a)(4), which includes the provision that a Rule 60 motion served within 10 days after entry of judgment extends the time for filing a notice of appeal. "This eliminates the difficulty of determining whether a posttrial motion made within 10 days after the entry of a judgment is a Rule 59(e) motion, which tolls the time for filing an appeal, or a Rule 60 motion, which historically has not tolled the time." See FED. R. APP. P. 4(a)(4) advisory committee's notes.

order being reconsidered, the appeal of a denial of a Rule 60(b) motion brings up for review only whether the trial court abused its discretion in so denying the motion itself; it does not bring up for review the merits of the underlying order or judgment. *See, e.g., Browder v. Director, Dept. Of Corrections of Ill.*, 434 U.S. 257, 263 n.7, 54 L. Ed. 2d 521, 98 S. Ct. 556 (1978) (holding that the standard of review is abuse of discretion, and "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review"). An abuse of discretion occurs where there is a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors." *Virgin Islands Water & Power Authority v. Virgin Islands Telephone Corporation*, 1981 U.S. Dist. LEXIS 9330, 18 V.I. 451, 453 (D.V.I. 1981).

As a practical matter, however, where the underlying order dismissed the case, we agree that "the review of a denial of a Rule 60(b) motion is somewhat collapsed into a review of the dismissal." *Del Carmen v. Emerson Electric Co.*, 908 F.2d 158, 161-62 (7th Cir. 1990) ("Although the appeal of the denial of the Rule 60(b) motion primarily challenges the district court's decision denying relief from judgment, it also asserts a challenge to the merits of the underlying dismissal necessitating review of the underlying judgment, albeit narrower."). Also, in this jurisdiction, relief under Rule 60(b) is more liberally granted where the case was dismissed before reaching the merits. 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2857, at 160 (2d ed. 1973).

Rule 60(b) provides that a party may obtain relief from a judgment or order under certain circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud .... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from

215

the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

Newland Moran erroneously focused on "any other reason justifying relief" in Rule 60(b)(6). (*See* Reply Brief of Appellant at 4-5.) Appellant argued that the trial court should set aside its dismissal order "in the interest of justice" and for "good cause." (J.A. at 11.) We first note that it is only necessary to fall back on Rule 60(b)(6) where the reason for relief is not covered by any of the other provisions of 60(b) and the movant can establish exceptional circumstances which warrant extraordinary relief. *Accord Stradley v. Cortez*, 518 F.2d 488, 494 (3d Cir. 1975). Since it is obvious that appellant sought relief due to mistake, inadvertence, or excusable neglect, this Court will treat Newland Moran's motion as made under Rule 60(b)(1).

The Territorial Court reviewed the case *sua sponte*, and, seeing no progress, entered an order on April 16, 1996, stating that the matter would be dismissed for lack of prosecution if appropriate steps were not taken to move the case along within thirty days. The court entered an order dismissing the case on June 12, 1996, for lack of action by appellant to prosecute the case. Newland Moran's motion to reopen alleged that it never received the trial court's April 16th Order warning that dismissal would result from further inaction, and, therefore, should not be bound by an order of which it was unaware. The trial judge seems not to have believed counsel's representation, stating that Newland Moran had "failed to show good cause or excusable neglect for the delay in prosecuting the case." (J.A. at 15-16.) The judge further noted that appellant had "offered no justifiable reason for allowing these cases to simply languish on the Court's docket." (*Id.* at 8-9.)

We find that the record does not support the trial judge's findings. While we acknowledge that counsel should have kept closer tabs on the status of the case, there is nothing in the record which supports questioning the integrity of appellant's counsel or the veracity of its sworn statement that it did not receive the court's April 16th order or that it's offices were severely damaged by the

216

hurricane. Moreover, only one of the four continuances were at appellant's behest and it was Newland Moran which attempted to move the case forward by seeking mediation. We accordingly find that appellant has shown the excusable neglect required by Rule 60(b)(1). Our concomitant finding that the trial judge abused his discretion in denying Newland Moran's Rule 60(b) motion to reopen is influenced by the sparse basis for the order of dismissal.

■ In March of 1991, appellant filed an Amended Complaint naming Green Cay, Inverness, the Lockes and George Hindels as defendants. The Territorial Court set four trial dates in 1991, three of which were continued at appellees' request and one at Newland Moran's request. Appellant then filed a second action in October of 1993 naming George Hindels as defendant. The court granted Newland Moran's motion to consolidate both cases on May 18, 1994. The case lay dormant for another nine months until Newland Moran filed a motion for mediation in February, 1995. Mediation was ordered, and a mediator selected by the parties. Although a March 15, 1995, mediation date was initially agreed upon, the parties were unable to successfully coordinate a date and time, and stipulated to an extension of time until September 30, 1995 to mediate. The court approved the stipulation on July 31, 1995. Although no mediation ever took place, the St. Croix trial judge abused his discretion by not taking into consideration the devastating effect Hurricane Marilyn had on the infrastructure on St. Thomas necessary for the conduct of business and commerce.

## CONCLUSION

This Court lacks jurisdiction to directly review the June 12th dismissal order because the notice of appeal was untimely with regard to that order. Since the notice was timely with regard to the trial court's order denying appellant's Rule 60(b) motion, the Appellate Division does have jurisdiction to review that order. Upon such review, we have concluded that the trial judge abused his discretion in denying appellant's 60(b) motion. We therefore vacate the order denying Rule 60(b) relief, and remand this matter to the Territorial Court for further proceedings consistent herewith.