VIRGIN ISLANDS BUILDING SPE-
CIALTIES, INC., James E. King,
and Omah King, Appellants,

v.

BUCCANEER MALL ASSOCIATES,
INC., Appellee.

No. CIV.A. 1997–221.

District Court, Virgin Islands,
D. St. Thomas and St. John.

Considered: May 25, 2000.

Filed: June 15, 2000.

Beverly A. Edney, St. Croix, VI, for Appellants.

Henry V. Carr, III, St. Thomas, VI, for Appellee.

Before: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and ALPHONSO G. ANDREWS, JR., Territorial Court Judge, Division of St. Croix, Sitting by Designation.

OPINION OF THE COURT

PER CURIAM.

At issue in this appeal is whether the trial court's grant of appellee's Rule 56(c) motion for summary judgment was properly founded, and whether the trial court abused its discretion when it denied appellants' Rule 60(b) motion to stay execution and to vacate summary judgment. Because appellants' Rule 60(b) motion did not toll the time for appealing the Territorial Court's entry of summary judgment, appellants' appeal from the entry of summary judgment was not timely. This Court therefore lacks jurisdiction to review the Territorial Court's entry of summary judgment in favor of the appellee. The Court does, however, have jurisdiction to consider appellants' timely appeal of the trial court's denial of the Rule 60(b) motion for relief from judgment. Finding no abuse of discretion, this Court affirms the trial court's order denying the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose out a dispute concerning the non-payment of rent and other charges due under a lease agreement [the "lease" or "agreement"] between Buccaneer Mall Associates ["BMA"] and Virgin Islands Building Specialties, Inc. ["VIBS"]. In 1986, the two parties entered into a lease agreement whereby VIBS would lease space [the "premises"] from BMA. James King signed the lease as president of VIBS, and both James E. King and Omah King [the "Kings," and together with VIBS, the "appellants"] signed as personal guarantors of the lease. Subsequent to taking possession of the premises, VIBS defaulted on its obligations under the agreement. BMA then filed a summary eviction action against VIBS.

The parties settled the eviction case, and the Territorial Court entered a consent judgment on February 3, 1988. The court ordered that VIBS vacate the premises unless it remitted to BMA such sum as the parties agreed was due, or if the parties failed to reach agreement on the amount due, then

VIBS was ordered to deposit $70,000 in escrow with the clerk of the Territorial Court pending determination of the actual amount due.

Appellants failed to comply with the order contained in the consent judgment, remitting funds neither to BMA nor to the clerk, and eventually appellants vacated the premises. As a result, on August 13, 1993, BMA filed an action for debt to recover the unpaid rent and other charges appellants owed under the lease. On September 29, 1993, BMA filed a motion for entry of default judgment in the amount of $131,786.46, supported by an affidavit of BMA's president, B. Read Miller, and an affidavit by BMA's financial officer accounting for the amounts due. After initially entering the default, the trial court set it aside in response to a motion by the Kings. Thereafter, BMA moved for summary judgment, which the Territorial Court granted on March 15, 1996, entering a judgment against the Kings on their personal guarantees for $131,786.46.

Seven months later on October 22, 1996, appellants filed a motion to stay execution of judgment and to vacate the court's entry of summary judgment under Rule 60(b), arguing that they were entitled to relief because they did not receive notice of the entry of judgment. On June 30, 1997, the Territorial Court issued a memorandum opinion and order denying the motion to vacate judgment and stay of execution, which appellants timely appealed.

## II. DISCUSSION

■ This Court has jurisdiction pursuant to 4 V.I.C. § 33.[1] The standard of review in an appeal from a denial of a Rule 60(b) motion to vacate a judgment is generally abuse of discretion. *See Newland Moran*

1. See V.I. CODE ANN. tit. 4, § 33 (1997 & Supp.2000); Section 23A of the Revised Organic Act of 1954.

2. Appellants did not number the pages of their Appendix. Thus reference is made to the Appendix of Appellee whenever possible.

3. A judgment is not void and is therefore not within the ambit of 60(b)(4) simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional. *See*

*Real Estate v. Green Cay Props., Inc.,* 40 V.I. 211, 213, 41 F.Supp.2d 576, 579–80 (1999) (citing *Agostini v. Felton,* 521 U.S. 203, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997)). "Since a motion under Rule 60(b) is not a substitute for an appeal of the underlying order being reconsidered, the appeal of a denial of a Rule 60(b) motion brings up for review only whether the trial court abused its discretion in so denying the motion itself; it does not bring up for review the merits of the underlying order or judgment." *Id.* (citing *Browder v. Director, Dept. Of Corrections of Ill.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)).

## A. Appellants' Rule 60(b) Motion

■ VIBS and the Kings appeal the Territorial Court's denial of their October 18, 1996 motion to vacate the order and judgment against them. (App. of Appellee at 52, 79; App. of Appellants.)[2] Their claims to relief under Rule 60(b)(4) and (6) were not preserved for appeal, and in any event, fail to show that the trial court judge abused his discretion in denying appellants' motion.

### 1. *Rule 60(b)(4)*

■ Rule 60(b)(4) states that a "court may relieve a party or a party's legal representative from a final judgment, order or proceeding ... [if] the judgment is void." FED. R. CIV. P. 60(b)(4). Appellants present no cognizable argument why the judgment was void in this case, other than the fact that the result did not go their way.[3] Further, appellants have not shown where they asserted to the trial court that the judgment was void.[4] In denying the appellants' motion to vacate the order and judgment, the trial judge stated

*Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 374–78, 60 S.Ct. 317, 84 L.Ed. 329 (1940).

4. Interestingly enough, appellants' memorandum in support of motion to vacate order and judgment, dated Oct. 18, 1996, opens by quoting Rule 60(b), but includes "in pertinent part" only subsections (1) and (6), not subsection (4). (App. of Appellee at 52.)

Defendants do not aver which of the subsections of Rule 60(b) apply in this case. In the absence of an assertion of mistake, fraud, a void judgment, or any of the other conditions under which Rule 60(b) may be utilized to reopen a judgment, the Court will assume ... 60(b)(6).

(App. of Appellee at 81.) We find no reason to disturb the trial court's denial of appellants' Rule 60(b) motion on this ground.

### 2. *Rule 60(b)(6)*

■ The Court need not even reach the Rule 60(b)(6) claim, because, (1) as with their 60(b)(4) claim, appellants did not specify Rule 60(b)(6) as the basis of their October 18th motion and thus did not preserve the issue for appeal, and (2) appellants could not rely on the sixth clause of Rule 60(b) as substitute for any of the other subsections of the rule. Moreover, appellants have failed to demonstrate the required extraordinary circumstances and have failed to keep themselves apprised of the status of the case.

Rule 60(b)(6), the residual catchall of the rule, states that a "court may relieve a party or a party's legal representative from a final judgment, order or proceeding ... [for] any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). Although "[t]he most common 'other reason' for which courts have granted relief is when the losing party fails to receive notice of the entry of judgment in time to file an appeal[,] ... courts have denied relief in cases in which notice was not received if counsel is deemed to have been negligent in keeping apprised of the state of the case." *See* 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2864 and nn. 9–11 (2d ed.1995). In this case, seven months passed before appellants acted on the default judgment.[5] Such negligence in keeping apprised of the case is an independent basis for the trial court's denial of Rule 60(b)(6) relief.

Further, "it is only necessary to fall back on Rule 60(b)(6) where the reason for relief is not covered by any of the other provisions of 60(b) and the movant can establish exceptional circumstances which warrant extraordinary relief." *Newland Moran Real Estate,* 40 V.I. at 216.[6] The trial court cited appellants' failure "to show the requisite extraordinary situation or circumstances," appellants' failure to "offer authority for their assertions," and appellants' failure to "offer any evidence to show that failure to receive notice of the judgment was caused by the Court or a third party." (App. of Appellee at 82.) This Court agrees.

"An abuse of discretion occurs where there is a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors.'" *Newland Moran Real Estate,* 40 V.I. at 215. In this case, the only definite and firm conviction, if any, is one favoring the trial court's decision, both on the grounds stated and on the basis that appellants were not diligent in tracking the progress of their case. Having charitably construed appellants' preservation of their Rule 60(b)(6) claim, this Court nevertheless finds that the trial court's denial of their 60(b)(6) motion was not an abuse of discretion.

### B. Summary Judgment

Appellants cannot appeal the lower courts' entry of summary judgment, because they did not file their notice of appeal on time. Summary judgment was entered on March 16, 1996. Federal Rule of Appellate Procedure 4(a)(1)(A) provides that a party must file a notice of appeal with the clerk of the court within thirty days after judgment is entered, unless he has timely filed a Rule 60(b) motion for relief from judgement no later than ten days after judgment is en-

---

5. Further, the trial court was in a unique position to judge the credibility of the claim that appellants did not receive notice of the summary judgment in the seven months after it was entered.

6. The Court need not address whether a party may argue in the alternative using subsection (6)

and some other subsection of the rule, except to note that a cognizable claim under any of the preceding subsections (1) through (5) renders subsection (6) unavailable. Here, since the trial court "assumed" a Rule 60(b)(6) claim and since appellants' 60(b)(4) claim is not cognizable, this Court has addressed appellants' 60(b)(6) claim.

tered.[7] Therefore, this Court lacks jurisdiction to exercise its plenary review over the lower court's grant of summary judgment.[8]

Were this Court, nonetheless, to conduct a plenary review of the motion for summary judgment, it would find in favor of appellee. It is undisputed by the appellants that they owed back rent and other amounts to appellees. What they attempt to dispute now is the amount of rent due. BMA based its claim of damages on a monthly rent of $7,000 and provided documentation to that effect. (App. of Appellee at 22–24, 28.) VIBS denied that this is the correct amount, but failed to provide a copy of the lease or the purported letter from the President of Buccaneer Mall indicating that the rent was to be only $3,500 per month, the amount VIBS contends they agreed to.

### III. CONCLUSION

Finding that the trial court did not abuse its discretion in denying appellants' Rule 60(b) motion, this Court will not disturb the Territorial Court's denial of relief. Further, the Court is without jurisdiction to entertain appellants' appeal of the entry of summary judgment against them. The orders and decisions of the Territorial Court will be affirmed.

---

**7.** Federal Rule of Appellate Procedure 4(a)(1)(A) corresponds to the Virgin Islands Rules of Appellate Procedure (VIRAP) 5(a)(1) and 5(a)(3)(vi). The Virgin Islands Rules of Appellate Procedure became effective November 1, 1998, and were not in effect at the time summary judgment was entered. *See* V.I.R.App. P. 1.

**8.** The standard of review in an appeal from a grant of summary judgment is plenary. *See Tree of Life Distrib. Co. v. Nat'l Enters.*, 1998 U.S.

Dist. LEXIS 17980 (D.V.I.App.Div. Nov. 5, 1998). When reviewing an order granting summary judgment, this court is required to view the facts in the light most favorable to the opposing party, and in effect, perform the same test the Territorial Court would have performed. The moving party can only prevail if it shows that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law.