

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2006

# Bjorgung v. Whitetail Resort

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1366

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bjorgung v. Whitetail Resort" (2006). *2006 Decisions.* Paper 750.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/750

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-1366

ANDERS ELLIS BJORGUNG

Appellant

v.

WHITETAIL RESORT, WHITETAIL SKI COMPANY, INC., U.S. SKI &
SNOWBOARD ASSOCIATION

U.S. SKI & SNOWBOARD ASSOCIATION,
Defendant/Third-Party Plaintiff

v.

ANDERS BJORGUNG,
Third-Party Defendant


Appeal from the United States District Court
for the Middle District of Pennsylvania

(District Court No: 03-cv-02114)

District Court: Hon. Yvette Kane

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2006

Before: McKee, Garth, <u>Circuit Judges</u>,
and Lifland, <u>District Judge</u>.[*]

---

[*] The Honorable John C. Lifland, Senior District Judge of the United States District Court
for the District of New Jersey, sitting by designation.

McKEE, <u>Circuit Judge.</u>

Anders Ellis Bjorgung[1] appeals the district court's order dismissing without prejudice the complaint he filed in this diversity action. For the reasons that follow, we will reverse and remand.

**I.**

Inasmuch as we write primarily for the parties who are familiar with this case, we need not recite the factual or procedural history of this dispute. Suffice it to say that plaintiff's attorney, Mr. Speights, requested – and was granted – multiple continuances of a pre-trial telefonic conference with the district court and opposing counsel. From our review of the record, it appears that he failed on numerous occasions to initiate the pretrial telefonic conference which had been continued, as the district court had ordered. When the district court granted its final continuance of the pre-trial conference, it warned Mr. Speights (both orally and in writing) that failure to comply with its orders could result in dismissal of the case. When its orders were not followed, the district court did finally dismiss the case.

The district court did not specify the authority it was relying on to dismiss the complaint. However, it appears from the text of the order that the suit was dismissed

---

[1] "Anders Ellis Bjorgung," will be referred to as "Plaintiff," to avoid confusion with his father, "Anders Bjorgung," a Third Party Defendant in this case.

pursuant to Fed. R. Civ. P. 41(b). That Rule states, in pertinent part, that a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . .". The district court's order explains: "[t]his Court will no longer tolerate Plaintiff's counsel's disregard for this Court's Orders nor Plaintiff's counsel's inattention to this case." A31. "We review such an order for an abuse of discretion. While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Theil College*, 296 F.3d 184, 190 (3d Cir. 2002). We realize, of course, that *Emerson* involved a dismissal with prejudice, and the dismissal here was, at least nominally, without prejudice. However, given well established circuit precedent, the manner in which the district court dismissed this suit is no less troubling. Although the court ordered that the dismissal be without prejudice, the district court dismissed Plaintiff's motion to reconsider because the statute of limitations had run. Accordingly, the Rule 41(b) dismissal was tantamount to a dismissal with prejudice. It effectively put Plaintiff out of court.[2]

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), we listed several factors that a district court must consider and balance before dismissing a complaint. They are the same factors that we focus on "in exercising our appellate function to determine whether the trial court has abused its discretion in dismissing . . ." a

---

[2] Although the finality of the court's dismissal is particularly troubling, as we shall explain, the court's failure to engage in the required inquiry and balancing would be problematic even if the Plaintiff could have reinstated his complaint.

complaint. Those factors are:

> (1) the extent of party's personal responsibility; (2) the prejudice to adversary caused by failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entail analysis of alternative sanctions; and (6) the meritoriousness of claim or defense.

*Id. See also Adams v. Trustees of New Jersey Brewery Pension Trust Fund*, 29 F.3d 863, 873 (3d Cir. 1994).

Although "[n]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint," they must all be considered. *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992). Yet, despite the longstanding jurisprudence in this circuit requiring that a district court balance the factors set out in *Poulis* on the record, there is nothing on this record to suggest that the district court considered the pertinent factors, nor that the court engaged in the required balancing. "Here the district court did not undertake *any Poulis* balancing." *Livera v. First National State Bank*, 879 F.2d 1186, 1194 (3d. Cir. 1989) (emphasis added). Rather, the order dismissing the complaint focuses on Plaintiff's counsel's failure to comply with deadlines the court had imposed, and the court dismissed the complaint for that reason alone. *See* A29.

"[D]ismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff. . . . [Accordingly, it] is necessary for the district court to consider whether lesser sanctions

4

would better serve the interests of justice." *Titus v. Mercedes Benz of North America*, 695 F.2d 746, 750 (3d. Cir. 1982)  (internal quotation marks omitted).  Here, there was neither consideration of lesser sanctions, nor of the various factors that must be balanced.

Although dilatory conduct is a factor that must be considered under *Poulis*, it is not the only factor that is to be taken into account.  The district court should have examined all of the *Poulis* factors, and then balanced them to determine whether dismissal of Bjorgung's complaint was warranted under all of the circumstances. The court may not simply focus on any one factor. This is particularly true where, as here,  the party or counsel being sanctioned may have a reasonable explanation for the perceived contumacious behavior.

Plaintiff's counsel argues that much of the delay that so concerned the district court resulted from a serious accident that resulted in some degree of disability.  He also claims the very tight scheduling resulted in serious logistical problems that made it extremely difficult to comply with the time constraints.

Defense counsel counters with allegations of delay on the part of Plaintiff's counsel. In addition, it appears that Mr. Speights apparently had another trial commitment during the week of November 8 -- a crucial week in the district court's schedule.

Although both sides wage a battle of competing *Poulis* allegations in their appellate briefs, and provide us with their own adversarial balancing of the appropriate factors,  it is the district court that must conduct the *Poulis* balancing in the first instance.

"[W]e do not undertake this task here as it would require factual findings not within the parameters of our review." *Livera*, 879 F.2d at 1194.

Our appellate function requires us to determine "if the court properly balanced the *Poulis* factors and whether the record supports its findings." *Livera*, 879 F.2d at 1194. This record contains neither findings, nor balancing, and the court never considered whether a lesser sanction than dismissal would be appropriate.[3]

## II.

Accordingly we will reverse the district court's dismissal of this complaint, and remand for further proceedings consistent with this opinion.

---

[3] We have "emphasized . . . that district courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits." *Titus*, 695 F.2d at 750.