**RICHARD BERRY, Appellant**

**v.**

**SANDY HALLIDAY, d/b/a/ THE OLD MILL, DAVID CAPPUCCI,
SCOTT KENNINGTON, RICK YOHE, and CHUCK CLARY, Appellees**

D.C. Civil App. No. 2005-179

District Court of the Virgin Islands

Division of St. Thomas and St. John, Appellate Division

August 15, 2008

KATHERINE J. DePREE, ESQ., St. Thomas, USVI, *For the Appellant.*

The Appellees have not made appearances.

GÓMEZ, *Chief Judge of the District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and BRADY, *Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.*

## MEMORANDUM OPINION

(August 15, 2008)

Richard Berry ("Berry") appeals from an order of the Superior Court of the Virgin Islands, Division of St. Thomas and St. John,[1] dismissing his complaint against Sandy Halliday d/b/a/ the Old Mill, David Cappucci, Scott Kennington, Rick Yohe, and Chuck Clary (collectively, the "Appellees") for lack of prosecution.

## I. FACTS

On March 19, 1997, Berry commenced an action for civil damages against the Appellees for injuries incurred after the Appellees purportedly beat him severely. On April 18, 2005, the Superior Court issued an order scheduling a status conference in the matter for April 25, 2005. At the April 25, 2005, status conference, counsel for the defendants indicated that he believed the matter had been settled. Berry's attorney informed the trial court that she was unable to locate her client to confirm whether he had agreed to a settlement, and requested sixty days in which to locate her client.

On April 27, 2005, the Superior Court entered an order directing that "[Berry's] Attorney [] has *sixty (60) days, from the date of this Order, to meet and confer with her client. If she is unable to locate her client, this matter shall be dismissed without prejudice, for lack of prosecution . . . .*" (Order, Super. Ct. Civ. No. 239/1997, April 27, 2005.) (emphasis in original).

In a letter dated June 17, 2005, Berry's attorney informed Berry that she had been unable to get in touch with him. The letter explained the

---

[1]  Prior to 2005, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the terms Superior Court and Superior Court Judge.

Court's April 27, 2005, ruling and attached a copy of that order to the letter. Berry's attorney asked Berry to call her office, and emphasized "it is *imperative* that you and I meet and confer prior to June 27, 2005[,] or your case will be dismissed without prejudice for lack of prosecution." (DePree Letter, June 17, 2005.) (emphasis in original).

On June 22, 2005, Berry telephoned his attorney, and told her he would be off island until July 7, 2005, and could not meet with her before that date. Also on June 22, 2005, Berry's attorney filed a motion for an extension of time until July 27, 2005, to meet and confer with Berry. The Superior Court denied the motion for an extension of time in an order dated June 29, 2005. The June 29, 2005, order stated:

> Plaintiff has not filed any pleadings since the Court's January 3, 2002, Memorandum Opinion and Order. An Order was issued on April 27, 2005, instructing Plaintiff's counsel to locate, meet and confer with her client to confirm any settlement agreements within a substantial allotment of time . . . . Given the technological advances in communications *inter alia* e-mail, telephone, cell-phone, fax, etc.; together with the inactivity of this case for over three (3) years, no further extensions are warranted.

(Order, Super. Ct. Civ. No. 239/1997, June 29, 2005.) The order also dismissed the matter without prejudice, for lack of prosecution, pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)").[2]

On July 6, 2005, Berry's attorney filed a motion to extend all deadlines for sixty days, due to a fire that had destroyed her law firm's offices on June 28, 2005. On July 14, 2005, Berry filed a motion to vacate the Superior Court's June 29, 2005, order dismissing the case for lack of prosecution. The motion indicated:

> After his return to St. Thomas, the plaintiff consulted with the undersigned. As a result of that conference, and after reviewing the file, the plaintiff respectfully states that the Court's dismissal Order of June 29, 2005, is incorrect, as the plaintiff has been waiting for this matter to be

---

[2] Rule 41(b) is made directly applicable to the Superior Court by Superior Court Rule 7. *See* SUPER. CT. R. 7 (1994) ("The practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by the Federal Rules of Civil Procedure . . . .").

scheduled for trial. There is no other need for Court intervention, however, the Order for dismissal should be vacated and this matter referred to mediation.

(Berry Mot. to Vacate, Super Ct. Civ. No. 239/1997, July 14, 2005.)

In an order dated August 29, 2005, the Superior Court denied Berry's motion to vacate. The August 29, 2005, order stated that the motion was denied for the reasons provided in the June 29, 2005, order dismissing the matter.

Berry timely appealed the August 29, 2005, order denying his motion to vacate. At issue is whether Berry demonstrated the type of willful or contumacious behavior amounting to flagrant bad faith warranting dismissal for failure to prosecute.

## II. JURISDICTION

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1) (Omnibus Justice Act of 2005.)

### A. Time for Filing Notice of Appeal

■ Generally, appeals from final judgments in civil cases must be filed within thirty days from the date of the judgment or order being appealed. *See Newland Morland Real Estate v. Green Cay Properties, Inc.*, 40 V.I. 211, 41 F. Supp. 2d 576, 579 (D.V.I. App. Div. 1999) ("Under most circumstances, private civil appeals must be filed within thirty days of the date of entry of the judgment or order being appealed."). However, a motion to vacate filed within ten days of the entry of an order dismissing a case tolls the time for appeal until the trial court decides the motion. *See id.*; *see also* V.I. R. App. P. 5(a)(4)(vi) (2000) ("If any party makes a timely motion [to vacate] . . . immediately below within ten days after entry of judgment in the Superior Court . . . the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.").

■ Here, Berry filed his motion to vacate the Superior Court's June 29, 2005, dismissal order within ten days after the date of that order. That motion therefore tolled the time within which Berry was required to file a notice of appeal of the June 29, 2005, order until the Superior Court

denied Berry's motion to vacate on August 29, 2005. *See* V.I. R. App. P. 5(a)(4)(vi).

## B. Finality of the June 29, 2005, Order

■ ■ Ordinarily, "Rule 41(b) dismissal for want of prosecution operates as an adjudication on the merits only if the court does not specify otherwise in its order of dismissal." *Vandenberg on Behalf of Newman v. Williams*, 32 V.I. 385, 891 F. Supp. 244, 247 (D.V.I. App. Div. 1995); FED. R. CIV. P. 41(b) (1991).[3] Appellate courts generally lack jurisdiction over matters that have been dismissed without prejudice. *See LNC Investments LLC v. Republic Nicaragua*, 396 F.3d 342, 346 (3d Cir. 2005) ("[W]e have 'adhered consistently to the general rule that we lack appellate jurisdiction over partial adjudications when certain of the claims before the district court have been dismissed without prejudice.'" (quoting *Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 438 (3d Cir. 2003)).

■ However, an order of dismissal without prejudice may operate as a final order for purposes of appeal where the statute of limitations had run on the underlying claim at the time the claim was dismissed, thereby barring the plaintiff from bringing the cause of action again. *See Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150 (3d Cir. 1986) ("Because [the plaintiffs] retained no viable cause of action against [the defendant], we conclude that the dismissal, which was nominally without prejudice, was for our purposes, a final dismissal.").

■ The Superior Court's June 29, 2005, order explicitly stated that Berry's action was dismissed without prejudice. Berry's cause of action for personal injury against the Appellees arose on April 7, 1995. The statute of limitations on Berry's claim expired on April 7, 1997. *See* V.I. CODE ANN. tit. 5, § 31(5)(A) (1977) (providing for a two-year statute of limitations on "[a]n action for . . . any injury to the person or rights of

---

[3] Rule 41(b) provides:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b) (1991).

another not arising on contract . . . ."). Because Berry retains no viable cause of action against the Appellees, the June 29, 2005, order of dismissal operated as a final judgment for purposes of appeal, and was the appropriate subject for a motion to vacate under Federal Rule of Civil Procedure 60(b) (expressly providing that the rule applies only to "final judgments"). *See* FED. R. CIV. P. 60(b) (1987); *see also, e.g., Bjorgung v. Whitetail Resort*, 197 Fed. Appx. 124, 125-26 (3d Cir. 2006) ("Although the court ordered that the dismissal be without prejudice, . . . because the statute of limitations had run. . . . , the Rule 41(b) dismissal was tantamount to a dismissal with prejudice. It effectively put Plaintiff out·of court.").

Accordingly, this Court has jurisdiction to review the Superior Court's June 29, 2005, order dismissing Berry's action for lack of prosecution pursuant to Berry's timely notice of appeal.[4]

## III. STANDARD OF REVIEW

We review *de novo* questions of law, such as issues of statutory interpretation. *Saludes v. Ramos*, 744 F.2d 992 (3d Cir. 1984); *see also Mapes Monde, Ltd. v. A.H. Riise Gift Shop, Inc.*, 46 V.I. 297, 337 F. Supp. 2d 704, 707 (D.V.I. App. Div. 2004); *Files v. ExxonMobil Pension Plan*, 428 F.3d 478, 486 (3d Cir. 2005). Findings of fact made by the Superior Court are not to be disturbed unless they are clearly erroneous. *Lenhart v. Richards*, 17 V.I. 619 (3d Cir. 1980); *T-Shirt World, Inc. v. Artland, Inc.*, 20 V.I. 147 (D.V.I. 1983).

The trial court's decision to dismiss a matter for failure to prosecute is reviewed for abuse of discretion. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *Myers v. Derr*, 2001 U.S. Dist. LEXIS 16858 at *7-8 (D.V.I. App. Div. 2001). "While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (referring to dismissal with prejudice); *see also Bjorgung*, 197 Fed. Appx. at 125-26 (holding that the standard outlined in *Emmerson v.*

---

[4] Berry's notice of appeal specifically stated that he was appealing both the Superior Court's June 29, 2005, dismissal order and its August 29, 2005, order denying Berry's motion to vacate.

*Thiel College*, 296 F.3d 184 (3d Cir. 2002) applies to dismissal without prejudice of claims for which the statute of limitations has run).

## IV. ANALYSIS

Berry argues that the Superior Court abused its discretion in dismissing his complaint for lack of prosecution.

██ "Dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis*, 747 F.2d at 866 (citing *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982); *see also Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 128 (3d Cir. 1987) ("We have cautioned that dismissal in [the context of failure to prosecute] is a drastic tool and may be appropriately invoked only after careful analysis of several factors, including [the *Poulis* factors]."); *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003) ("[T]he sanction of dismissal is disfavored absent the most egregious circumstances."). In determining whether the trial court abused its discretion by dismissing a matter with prejudice, this Court must look to:

> the manner in which the trial court balanced the following factors . . . and whether the record supports its findings: (1) the extent of the *party's personal responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis in original) (the *"Poulis* factors"); *see also Myers*, 2001 U.S. Dist. LEXIS 16858 at \*8; *Andrews v. Gov't of the V.I.*, 25 V.I. 284, 132 F.R.D. 405 (D.V.I. 1990) ("In deciding defendant's motion to dismiss plaintiffs' complaint for want of prosecution pursuant to FED. R. CIV. P. 41(b), this Court must weigh and balance the six factors provided by the Third Circuit in *Poulis."*). The same standard applies to an order or judgment dismissing a case without prejudice where the statute of limitations on the underlying claim has run, such as the instant appeal. *See Bjorgung*, 197 Fed. Appx. at 125-26 (holding that the standard outlined in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) applies to dismissal without prejudice of claims for which the statute of limitations has run).

"Not all of the[] *Poulis* factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). However, courts must consider and balance all six *Poulis* factors before dismissing a case with prejudice, and all doubts must be resolved in favor of an adjudication on the merits. *See $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003) ("[W]e have always required consideration and balancing of all six of the factors, and have recommended the resolution of any doubts in favor of adjudication on the merits."); *see also Bjorgung*, 197 Fed. Appx. at 125-26 ("Although '[n]ot all of the Poulis factors need be satisfied in order to dismiss a complaint' they must all be considered." (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

■ In this case, there is absolutely nothing in the record to suggest, directly or indirectly, that the Superior Court considered all of the requisite six factors. Rather, the only factor the trial court addressed was Berry's history of dilatoriness. The order dismissing Berry's complaint focused on Berry's failure to comply with the Superior Court's deadline for meeting and conferring with his counsel. However, the record revealed that the Superior Court altogether failed to consider the other five *Poulis* factors when it dismissed Berry's complaint. Furthermore, there is no indication in the record that the trial court ever considered imposing lesser sanctions on Berry for failure to comply with the April 27, 2005, order requiring him to meet and confer with his counsel within sixty days.

Because the Superior Court neither considered lesser sanctions nor balanced the requisite factors, this matter must be reversed and remanded for consideration of the factors outlined in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See, e.g., Bjorgung v. Whitetail Resort*, 197 Fed. Appx. 124, 125-26 (3d Cir. 2006) (reversing and remanding where the trial court considered only one of the six requisite factors because "it is the [trial] court that must conduct the *Poulis* balancing in the first instance"); *Livera v. First Nat. State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989) (holding that the matter must be remanded because the trial court "simply did not undertake any *Poulis* balancing. . . . [W]e do not undertake this task here as it would require factual findings not within the parameters of our review"); *Myers v. Derr*, 2001 U.S. Dist. LEXIS 16858 at *7-8 (D.V.I. App. Div. 2001) (reversing

and remanding for a hearing in consideration of the *Poulis* factors because the Superior Court failed to consider any of the required factors).

## V. CONCLUSION

For the foregoing reasons, the Court swill reverse the Superior Court's June 29, 2005, order dismissing Berry's complaint, as well as the August 29, 2005, order denying Berry's motion to vacate. The matter will be remanded for proceedings consistent with this Memorandum Opinion. An appropriate Order follows.