**GOVERNMENT OF the VIRGIN ISLANDS, Honorable Gerard L. James, III, in his official capacity as Lieutenant Governor of the Virgin Islands of the United States, and the Honorable Bernice Turnbull, in her official capacity as Commissioner, Department of Finance of the Government of the Virgin Islands, Appellants,**

v.

**INNOVATIVE COMMUNICATIONS CORP. f/k/a Atlantic Tele–Network Co., and Virgin Islands Telephone Corp., Appellees.**

Civ. App. No. 2001–033.

District Court, Virgin Islands,
Appellate Division,
D. St. Croix.

Considered April 12, 2002.

Filed Aug. 6, 2002.

Richard S. Davis, Assistant Attorney General, St. Thomas, U.S.V.I., for appellants.

Kevin A. Rames, St. Croix, U.S.V.I., for appellees.

Before THOMAS K. MOORE, Judge of the District Court of the Virgin Islands, STANLEY S. BROTMAN, Senior Judge of the U.S. District Court for the District of New Jersey and ISHMAEL A. MEYERS, Judge of the Territorial Court of the Virgin Islands, Division of St. Thomas, Sitting by Designation.

## OPINION OF THE COURT

### I. FACTUAL AND PROCEDURAL BACKGROUND

In January, 1998, the Government of the Virgin Islands ["government" or "appellant"] notified the Atlantic Tele–Network Company, now known as Innovative Communications Corporation ["Innovative"],

and the Virgin Islands Telephone Company ["Vitelco"] [collectively "appellees"] that the Division of Corporations and Trade Names of the Office of the Lieutenant Governor had conducted a comprehensive review of the appellees' previous franchise tax reports. The government then informed the appellees that this review revealed that each appellee owed additional taxes, penalties and interest for late payment. In particular, the government assessed Innovative recalculated taxes back to 1988 in the amount of $74,912.55 and assessed Vitelco recalculated taxes back to 1976 in the amount of $1,119,759.01. The government also warned the appellees that failure to pay these amounts by January 31, 1998 would lead to additional monthly penalties and failure to remit would result in their dissolution. Although the appellees contested the method used by the Government to recalculate the franchise tax and argued that its claims were time-barred by the Virgin Islands six-year statute of limitations under 13 V.I.C. § 533(c)(2) and 5 V.I.C. § 31(3)(B), Innovative and Vitelco remitted the sum of $83,328.77 and $1,182,459.09 to the government on September 30, 1998 as full payment of their outstanding franchise tax obligations.

On or about August 19, 1999, appellees filed suit against the government in the Territorial Court disputing the methodology used by the government to recalculate the franchise tax and demanded refunds of the back taxes paid on September 30th. On or about June 19, 2000, Innovative and Vitelco filed a motion for summary judgment alleging several arguments, including a claim that the six-year statute of limitations codified at 5 V.I.C. § 31(3)(B), which is made applicable to the government in regard to franchise taxes under 13 V.I.C. § 533(c)(2), barred the government's attempt to collect franchise taxes before January, 1992. The government opposed the appellees' motion on the ground of sovereign immunity. On November 24, 2000, the Territorial Court granted Innovative and Vitelco partial summary judgment, stating the six-year statute of limitations bars the Government from recovering taxes for any period before January, 1992, and holding that the government waived its sovereign immunity by enacting of 13 V.I.C. § 533(c)(2).

On December 18, 2000, the government moved the trial court to reconsider its November 24th order, arguing that: (1) the six-year statute of limitations was subject to equitable tolling; (2) an opportunity to conduct discovery would have allowed the government to uncover a factual basis warranting application of equitable tolling principles; and (3) denying the government's request for oral argument and granting summary judgment without oral argument was a violation of due process. On January 29, 2001, the Territorial Court denied the government's motion for reconsideration. In particular, the trial court held that the six-year statute of limitations was a jurisdictional bar not subject to equitable tolling on account of the government's express waiver of any immunity. Moreover, the trial court stated that this absolute bar rendered additional discovery on the issue of equitable tolling meaningless. Finally, the trial court noted the government had suffered no due process violation for the lack of oral argument because Territorial Court Rule 36 permitted the court to have a hearing or decide the motion "based upon the submission(s)."

The government timely filed notice of this appeal on February 12, 2001, wherein it argues that: (1) the Territorial Court erred as a matter of law in granting partial summary judgment based on a lack of jurisdiction under 5 V.I.C. § 31(3)(B); (2) the trial court erred as a matter of law in failing to consider issues of equitable toll-

ing; and (3) the government was entitled to further discovery as a matter of law.[1]

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■ This Court has jurisdiction to review final judgments and orders of the Territorial Court in all civil matters. *See* 4 V.I.C. § 33.[2] Generally, we will review an order denying a motion for reconsideration for abuse of discretion. *See Paul v. Electric Ave.*, Civ. No.1999/055, 2001 WL 1045098, at *1, 2001 U.S.Dist. LEXIS 14261, at *4 (D.V.I.App.Div. Aug. 29, 2001); *see also In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 181 (3d Cir. 2000); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1203 (3d Cir.1995).[3] "Where a trial court's denial of a motion to reconsider is based upon the interpretation of legal precepts, our review of that denial is plenary." *Paul*, 2001 WL 1045098, at *5, 2001 U.S.Dist. LEXIS, at *14 (citing *North River Ins. Co.*, 52 F.3d at 1203 (citing *McAlister v. Sentry Ins. Co.*, 958 F.2d 550, 552–53 (3d Cir.1992))); *see also Max's Seafood Cafe by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999) (stating that "to the extent that the denial of reconsideration is predicated on an issue of law, such an issue is reviewed de novo").

### B. The Government Waived its Sovereign Immunity in Regard to Underpayment of Franchise Taxes

In an effort to stave off the application of the six-year statute of limitations imposed by 5 V.I.C. § 31(3)(B), the government argues that it never waived its sovereign immunity in regard to the underpayment of franchise taxes under 13 V.I.C. § 533(c)(2), and thus the trial court erred in construing section 533(c)(2) as a general waiver of sovereign immunity. (Appellant Br. at 12–14; Appellant Reply Br. at 4–6.) The government has attempted to create ambiguity where none exists.

Section 533(c)(2) provides:

The Lieutenant Governor upon determination that any corporation has neglected for a period of one year to pay its annual franchise tax, shall ... if the delinquent corporation is a foreign corporation, make a notification upon the records of his office that the authority of such corporation to do business in the Virgin Islands is revoked and it shall thereupon be revoked, provided, that no domestic corporation shall be dissolved,

---

**1.** The government also argues that the trial court violated its due process rights by denying its request for oral argument. As courts have the discretion to decide whether to hold oral arguments, we need not address appellant's argument other than to reject it outright. *See* TERR.CT.R. 36(a) ("The Court, in its discretion, may set the motion for hearing or decide it based upon the submission(s).").

**2.** *See* Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2002), *reprinted in* V.I.CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2002) (preceding V.I.CODE ANN. tit. 1).

**3.** The Third Circuit Court of Appeals notes that "an abuse of discretion arises when the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact. An abuse of discretion may also occur 'when no reasonable person would adopt the district court's view.' Finally, 'we will not interfere with the District Court's exercise of discretion unless there is a definite and firm conviction that the court ... committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir.2000) (internal citations omitted).

and no foreign corporation shall have its authority to do business in the Territory revoked, for the non-payment of franchise taxes which the Government is barred from recovering by the statute of limitations set out in Title 5, section 31, of this Code.

13 V.I.C. § 533(c)(2). The government focuses on the omission of the term "underpayment" from section 533(c)(2) and the distinctions the Virgin Islands Legislature ["Legislature"] draws between cases involving nonpayment, underpayment and overpayment of taxes under title 33 of the Virgin Islands Code for the proposition that the government intended to waive its immunity only regarding the nonpayment of corporate franchise taxes, but not for the underpayment of such taxes. (Appellant Br. at 13.) Not only is this proposition unpersuasive, it is erroneous.

■ Although the Legislature does make a distinction between the nonpayment/underpayment of taxes and the overpayment of taxes, it makes no such distinction between nonpayment and underpayment of taxes. Apparently, the government places too much emphasis on the header of section 1231 of title 33 of the Virgin Islands Code, entitled "Interest on underpayment, nonpayment, or extensions of time for payment, of tax." The United States Supreme Court, however, has stated that "a title alone is not controlling." *See INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 212, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998) ("The title of a statute . . . cannot limit the plain meaning of the text. For interpretive purposes [it is] of use only when [it] sheds light on

some ambiguous word or phrase."). Thus, we must look to the actual text of section 1231 to determine if the Legislature intended to differentiate between nonpayment and underpayment of taxes. A simple reading of section 1231 illustrates that the Legislature intended to treat these two terms the same. Section 1231(a) provides: "If any amount of tax imposed by the internal revenue laws of the Virgin Islands . . . is not paid . . . , interest on such amount . . . shall be paid for the period from such last date to the date paid." The inclusion of "any amount" clearly denotes the Legislature's intent to treat nonpayment and underpayment the same. This intent is logical when one considers that an underpayment and a nonpayment of a tax are both essentially the failure to pay a tax obligation in full. Therefore, this Court finds that the trial court was correct in holding that the government had waived its sovereign immunity in matters involving the underpayment of corporate franchise taxes.

## C. The Six–Year Statute of Limitations For Matters Involving Corporate Franchise Taxes Is Jurisdictional

In its February 20, 2001, order denying the government's motion for reconsideration, the Territorial Court held that "[a] statute of limitations that waives sovereign immunity is jurisdictional." *Innovative Communications Corp. v. Government of the Virgin Islands,* Civ. No. 490/1999, slip op. at 3 (Terr.Ct. Feb. 20, 2001) (citing *United States v. Dalm,* 494 U.S. 596, 606–08, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990)). Although we find the trial court's holding overly broad, we agree that the statute of limitations as it relates to section 533(c)(2) is jurisdictional.[4]

---

**4.** Not all time limitations involving a waiver of sovereign immunity constitute jurisdictional bars. The Supreme Court has permitted the equitable tolling of time limitations against the government, in large part because

the underlying statute allowed for suits against private individuals. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (noting

■ In determining whether the six-year statute of limitations can be equitably tolled or is a jurisdictional bar, "we look to [legislative] intent by considering the language of the statute, legislative history, and statutory purpose." *Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 345 (3d Cir.2000) (citing *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir.1998) and *Shendock v. Director, Office of Workers' Compensation Programs*, 893 F.2d 1458, 1462–64 (3d Cir. 1990)). A review of the language and purpose of section 553(c)(2) shows that the Virgin Islands Legislature clearly intended the six-year statute of limitations to act as a jurisdictional bar against stale claims.

In creating a statute of limitations for claims involving franchise taxes within section 533(c)(2), the Legislature only referred to 5 V.I.C. § 31 and its corresponding six-year time limit. It could have but did not also refer to 5 V.I.C. § 32 and its equitable tolling principles, virtually compelling the conclusion that the Legislature clearly intended the six year statute of limitations would not be equitably tolled as incorporated in section 553(c)(2).

The government would have us interpret section 553(c)(2) as containing an implicit reference to 5 V.I.C. § 32 and its equitable tolling principles in light of the Supreme Court's ruling in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), which held that a "rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the [Government]." 498 U.S. at 95, 111 S.Ct. 453. The appellee, however, fails to realize that *Irwin* is distinguishable from the case at hand and that this case is more analogous to *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). In *Irwin*, the Supreme Court considered whether Congress intended to apply the doctrine or equitable tolling to 42 U.S.C. § 2000e–16(c),[5] a provision of Title VII. *See Irwin*, 498 U.S. at 91, 111 S.Ct. 453. Upon finding that private parties could be sued under 42 U.S.C. § 2000e–5 and that the doctrine equitable tolling applies to suits between private litigants, the *Irwin* court concluded that Congress intended the doctrine of equitable tolling to apply to the time limitation in 42 U.S.C § 2000e–16 in cases brought against the government. *See id.* at 95, 111 S.Ct. 453. In *Brockamp*, on the other hand, the Supreme Court considered whether 26 U.S.C. § 6511, a tax refund statute, could be equitably tolled. The *Brockamp* court found that the rebuttable presumption of equitably tolling noted in *Irwin* did not apply to section 6511 because this section

that "[t]ime requirements in lawsuits between private litigants are customarily subject to 'equitable tolling'") (citation omitted). In particular, the *Irwin* court concluded that

[o]nce Congress has made such a waiver, ... making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little if any broadening of the congressional waiver [and therefore] the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.

*Id.* Thus, contrary to the Territorial Court's statement, not all time limitations involving a waiver of sovereign immunity in fact consti-

tute jurisdictional bars. As this Court, however, also finds that the time limitation here is a jurisdictional bar, any error on the part of the trial court was harmless.

5. Section 2000e–16 provides in part:

Within thirty days of receipt of notice of final action taken by ... the Equal Employment Opportunity Commission ... and employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action is provided in section 2000e–5 of this title.

42 U.S.C. § 2000e–16.

did not create a cause of action against private defendants. *See Brockamp*, 519 U.S. at 349–50, 117 S.Ct. 849. Even when the Court assumed *arguendo* "that a tax refund suit and a private suit for restitution [were] sufficiently similar," it still found that Congress did not intend to apply the doctrine of equitable tolling. *See id.* at 350–53, 117 S.Ct. 849. In explaining its reasoning, the Supreme Court noted that "[t]ax law, after all, is not normally characterized by case specific exceptions reflecting individualized equities." *See id.* at 352 117 S.Ct. 849. The Court went on to conclude that

> [t]he nature of the underlying subject matter—tax collection—underscores the linguistic point. The IRS processes more than 200 million tax returns each year. It issues more than 90 million refunds. To read an "equitable tolling" exception into § 6511 could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims, accompanied by requests for "equitable tolling" which, upon close inspection, might turn out to lack sufficient equitable justification. The nature and potential magnitude of the administrative problem suggest that Congress decided to pay the price of occasional unfairness in individual cases (penalizing a taxpayer whose claim is unavoidably delayed) in order to maintain a more workable tax enforcement system. At the least it tells us that Congress would likely have wanted to decide explicitly whether, or just where and when, to expand the statute's limitations periods, rather than delegate to the courts a generalized power to do so wherever a court concludes that equity so requires.

*Id.* at 352–53, 117 S.Ct. 849 (internal citations omitted).

Applying the reasoning of the aforementioned decisions to the case at hand, we find that the circumstances are controlled by *Brockamp* and not *Irwin.* First, as it is clear that only the government has authority to assess franchise taxes, the time limitation in section 533(c)(2) "applies only to suits brought against the government and not suits brought against private defendants." *Becton Dickinson*, 215 F.3d at 349. The government makes no attempt even to analogize a tax refund suit to a private restitution suit and we will not strain to do so. *See id.* (noting the *Brockamp* court's skepticism of equating a tax refund suit with a private restitution suit). Second, the time limitation here, like section 6511 in *Brockamp* and unlike section 2000e–16 in *Irwin*, is explicit. *Compare* 13 V.I.C. § 533(c)(2) ("[N]o domestic corporation shall be dissolved, and no foreign corporation shall have its authority to do business in the Territory revoked, *for the nonpayment of franchise taxes which the Government is barred from recovering* by the statute of limitations set out in Title 5, section 31, of this Code.") (emphasis added) *with* 26 U.S.C. § 6511(b)(1) ("*No credit or refund shall be allowed or made* after the expiration of the period of limitation prescribed ... unless a claim for ... refund is filed ... within such period.") (emphasis added) *and* 42 U.S.C. § 2000e–16(c) ("[A]n employee or applicant for employment ... *may* file a civil action as provided in [42 U.S.C. § ] 2000e–5.") (emphasis added). Section 533(c)(2) specifically states that the government is barred from recovering unpaid franchise taxes once the statute of limitations set out in 5 V.I.C. § 31 has run.[6] Finally, section 533(c)(2),

6. Although never raised by appellant, one may argue that 13 V.I.C. § 533(c)(2) differs from 26 U.S.C. § 6511 because section 533(c)(2) used fairly simple language setting forth a time limitation whereas section 6511 was more detailed. The Third Circuit Court of Appeals, however, rejected such an argument in a footnote in *Becton Dickinson*. The Court of Appeals noted that "[a] holding to

like section 6511 in *Brockamp*, involves the issue of tax collection. Although Virgin Islands franchise tax claims are assuredly smaller than income tax suits, the equitable tolling of either such claim would create the type of administrative and logistical problems that concerned the Supreme Court in *Brockamp*. *See Brockamp*, 519 U.S. at 352, 117 S.Ct. 849; *see also Becton Dickinson*, 215 F.3d at 350–51. Therefore, as tax cases do not normally involve equitable exceptions, there is no basis for providing the government with an exception for its stale tax claim, which is unavailable to the individual taxpayer. *See Brockamp*, 519 U.S. at 352, 117 S.Ct. 849 ("The nature and potential magnitude of the administrative problem suggest that Congress decided to pay the price of occasional unfairness in individual cases . . . in order to maintain a more workable tax enforcement system."). Accordingly, we find that the Territorial Court did not err in holding the statute of limitations in question to be a jurisdictional bar.[7]

### D. Trial Court Did Not Err as a Matter of Law in Failing to Consider Issues of Equitable Tolling

■ The Territorial Court did not err as a matter of law in failing to consider issues of equitable tolling before applying a statute of limitations because the government never raised the issue of equitable tolling until its December 13, 2000, motion for reconsideration. The trial court correctly noted that "[a] motion for reconsideration is not the proper forum for raising new legal arguments or theories which could have been addressed initially, and the

the contrary would be tantamount to concluding that if Congress were not to 'set forth [] time limitations in a highly detailed technical matter' . . . all time limitations applicable to lawsuits against the government, which are, as a matter of law, 'condition[s] to the waiver of sovereign immunity,' could be equitably tolled. . . . Such a conclusion is untenable."

court need not address such arguments." *Innovative Communications Corp. v. Government of the Virgin Islands*, Civ. No. 490/1999, slip op. at 5 (Terr.Ct. Feb. 20, 2001) (citing *Kiewit Eastern Co. v. L & R Constr. Co.*, 44 F.3d 1194, 1203–04 (3d Cir.1995)). When faced with a mandatory jurisdictional statute of limitations, courts need not address the merits of a party's argument for equitable tolling. Even assuming *arguendo* that the six-year statute of limitations for franchise tax claims is not a jurisdictional bar, any error committed by the Territorial Court is harmless because the government's conduct is not the type of conduct the doctrine of equitable tolling was designed to protect and the trial court did in fact address the appellant's claims, albeit in dicta.

■ For the government to prevail on its claim that the six-year statute of limitations on franchise taxes was equitably tolled, it would have to establish that Innovative and Vitelco actively misled it, it was "in some extraordinary way" prevented from asserting its rights, or it timely asserted its rights mistakenly in the wrong forum. *See United States v. Midgley*, 142 F.3d 174, 179 (3d Cir.1998) (quoting *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753 (3d Cir.1983)). The government has met none of these standards, only two of which could apply. First, there is no evidence that the appellees deliberately misled the government in regard to unpaid franchise taxes. In fact, the appellees continually and timely filed and paid their annual franchise taxes. Moreover, when faced with a bill for un-

*Becton Dickinson*, 215 F.3d at 351 n. 16 (internal citations omitted).

7. As the statute of limitations here is a jurisdictional bar, the Territorial Court also did not err in denying the government's request to conduct discovery on the issue of equitable tolling.

derpaid taxes, the appellees paid their respective bills in full before seeking judicial recovery. The appellees' unpaid franchise taxes resulted from conflicting interpretations on how to calculate the franchise tax. Thus, even if Innovative and Vitelco erred in computing their franchise taxes, there is no basis to say that any discrepancies were more than a mistake. *Cf. Bachner v. Commissioner*, 81 F.3d 1274, 1282 (3d Cir.1996) (noting that neither negligence nor mistake of law "furnishes proper grounds for estoppel"). Second, the government was never prevented from asserting its right at any point. Upon notifying the appellees that it was conducting a comprehensive review of their respective tax reports, the government reviewed the various tax reports it had on file and concluded that the appellees had underpaid their franchise taxes. The government had these previous tax reports in its possession and it could have reviewed them at any time. As the Territorial Court noted

> [e]quitable tolling principles do not operate to protect parties who have slept on their rights; there must be some affirmative conduct by the other party that induced inaction. Even if the [appellees] failed to provide all documentation in tax reports, that did not preclude the Government from initiating an appropriate review—within the statutory period—to reconcile any discrepancies.

*Innovative Communications Corp.*, Civ. No. 490/1999, slip op. at 5. Therefore, as the government's equitable tolling claim could not prevail on any ground, it suffered harmless error even if the six-year statute of limitations for franchise tax claims is not in fact jurisdictional.

## III. CONCLUSION

This Court finds that the Territorial Court did not err as a matter of law in holding that the government waived its sovereign immunity under 13 V.I.C. § 533(c)(2) in regard to the underpayment of franchise taxes nor did the trial court err in finding that the six-year statute of limitations under 5 V.I.C. § 31(3)(B) acted as a jurisdictional bar for stale claims. In addition, this Court finds that the Territorial Court did not abuse its discretion in denying the government's requests for discovery and oral arguments.

## ORDER

For the reasons set forth in the accompanying memorandum of even date, it is hereby

**ORDERED** the Territorial Court's memorandum denying the appellant's motion for reconsideration is **AFFIRMED.**