**LUCIA FREDERICK, Appellant**

**v.**

**LOUIS ARMSTRONG, EXECUTOR OF THE ESTATE OF FELIX A. FRANCIS, EUGENE WALWYN, Appellees**

D.C. Civ. App. No. 2002/021

District Court of the Virgin Islands

Division of St. Croix

June 24, 2005

ALLAN CHRISTIAN, ESQ., St. Croix, U.S.V.I., *Attorney for Appellant.*

RHONDA HOSPEDALES, ESQ., St. Croix, U.S.V.I., *Attorney for Appellee.*[1]

FINCH,[2] *Chief Judge, District Court of the Virgin Islands*; GOMEZ, *Judge of the District Court of the Virgin Islands*; and HODGE, *Judge of the Superior Court, Sitting by Designation.*

## MEMORANDUM OPINION

(June 24, 2005)

Lucia N. Frederick ["Frederick" or "appellant"] appeals from the trial court's dismissal of her claims against one of the defendants in this action, the denial of her motion to amend the complaint, and denial of her motion for reconsideration. The appellant frames her issues for review as follows:

---

[1] Although multiple appellees were named in this action, the Estate of Felix Francis is the only appellee involved in this appeal.

[2] Judge Finch did not participate in this decision.

1.  Pursuant to §§ 364 and 368 of the RESTATEMENT OF TORTS, 2D, is the possessor/owner subject to liability to the plaintiff, who was outside of the land, for physical harm attributed to the defendants and alleged to have been perpetrated on the plaintiff due to the defectiveness of the *condition* which emanated from the defendant's land and which was illegally and improperly constructed by the defendant?

2.  Pursuant to LRCI § 7.4 is it *just* for the plaintiff to prosecute her claims against the defendants who caused her injuries in view of the clear mandate of RESTATEMENT OF TORTS, 2D, §§ 364 and 368 and the allegations at paragraphs twenty eight (28), thirty (30), thirty three (33) and thirty six (36) [of the complaint]?

3.  Was the motion to dismiss untimely and by operation of law rendered moot?

[*See* Br. and Appendix of Appellant ("Br. of Appellant") at 5].

Although the issues are not as clearly stated as they could be, it is clear from the briefs and the arguments presented that what we are centrally asked to consider is whether the appellant properly stated a legal claim for relief under sections 364 and 368 of the RESTATEMENT (SECOND) OF TORTS and whether the trial court erred in denying a motion for reconsideration under that theory of liability.

Whether the trial court also erred in considering an untimely motion to dismiss after an answer had already been filed is not properly before this Court, as no appeal was timely brought challenging that issue. Moreover, the appellant's motion for reconsideration was filed beyond the 10-day tolling deadline for appeals from Rule 60(b) reconsideration motions, and no other rule for which the rules permit tolling is implicated here. *See* V.I.R.A.P. 5(a)(4). Consideration of the underlying motion to dismiss is, therefore, jurisdictionally barred. *See Newland Moran Real Estate v. Green Cay Properties, Inc.*, 41 F. Supp. 2d 576, 579-580, 40 V.I. 211 (D.V.I. App. Div. 1999) (citing *Browder v. Director, Dep't. of Corrections of Ill.*, 434 U.S. 257, 263 n.7, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978)). Thus, the only issue that could properly be put to this Court is the propriety of the trial court's denial of the motion for reconsideration. *See id.* (noting that appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review). This Court's jurisdiction to

475

review the motion for reconsideration is additionally limited by the requirement that the trial court's certification for immediate review be proper.

For the reasons which follow, we conclude we are without jurisdiction to conduct this review, as the basis for Rule 54(b) application is not stated and, further, is not obvious from the current record. Accordingly, the appeal will be dismissed.

## I. STATEMENT OF FACTS & PROCEDURAL POSTURE

Frederick was driving along the Queen Mary Highway ["the highway"] when she collided with a vehicle driven by Jose A. Bermudez ["Bermudez"] that had just exited Plot 2A Estate Hogensborg ["Plot 2A" or "the property"], Frederiksted. [Br. of Appellant at App. 7]. The collision occurred on the highway.

Plot 2A property is owned by the Estate of Felix A. Francis ["the Estate"] and leased to Eugene Walwyn ["Walwyn"], who operated a restaurant and bar thereon. [*Id.*]. Bermudez was on the property as an invitee of Walwyn's business. [*Id.* at App. 7-8]. Frederick asserted the exit from Plot 2A was not an approved road but, rather, an improperly developed driveway or path which was used without proper authorization and licensing by the Public Works Department pursuant to title 20, section 7(a) of the Virgin Islands Code. [*Id.* at App. 9].

Frederick filed a civil complaint grounded in tort, naming Bermudez, the Estate and Walwyn [collectively, "the appellees"] as defendants and alleging, *inter alia* that:[3]

1) The Estate's failure to procure a permit for the location and construction of an ingress and egress road from Plot 2A, for the benefit of its tenant, constituted gross negligence, warranting relief under section 908 of the RESTATEMENT (SECOND) OF TORTS. Frederick further alleged that an established road would have alerted persons traveling on the highway of exiting vehicles. [*See id.* at App. 8, 10, ¶¶ 11,14,25].

2) The defendants' failure to erect a fence or barrier to preclude Walwyn's business invitees from driving unto the highway from

---

[3] Although we refer in some areas to the appellees, to describe the appellant's contentions, only the actions of the Estate are the subject of the challenged order and, therefore, the subject of this appeal.

various arbitrary points constituted negligence. [*See id.* at App. 8-9, ¶ 13].

3) The estate "impliedly acquiesced" to the illegal use of the embankment to exit unto the highway, which it knew was not an approved driveway under 20 V.I.C. § 7(a). [*See id.* at App. 9, ¶ 16].

4) The estate's and Walwyn's failure to warn invitees not to use the illegal driveway constituted negligence. [*See id.* at App. 9, ¶ 21].

5) The estate's failure to procure a driveway permit, pursuant to law, and their failure to avert the illegal use of several driveways from Plot 2A, in violation of 20 V.I.C. § 7(a), was the proximate cause of the Frederick's injuries. [*See id.* at App. 10, ¶ 25].

6) The Estate, as owner of Plot 2A, owed the motoring public using the highway the duty to maintain the premises in a reasonably safe condition in order to avoid harm to the plaintiff and the public. [*See id.* at App. 9-10, ¶ 23].

7) The defendants failed to use ordinary care to maintain the property in a reasonably safe condition which would avoid harm to the motoring public using the adjacent highway. [*See id.* at App. 10, ¶ 24].

8) The defendants breached "their implied promise to provide effective and adequate security to the plaintiff and public who use the adjacent Highway i.e. to be free [from] harm which may emanate from the illegal use of FRANCIS' property." [*See id.* at App. 10, § 25] (emphasis in original).

On April 19, 2001, the appellee filed an answer to the appellant's March 12, 2001 complaint. Subsequently, on June 27, 2001, the appellee filed a motion to dismiss. [Br. of Appellant at App. 19-34]. By order entered August 8, 2001, the trial court granted the appellee's motion to dismiss the claims against the Estate. [Br. of Appellant at App. 67-68]. Following that dismissal, the appellant on September 10, 2001, filed a motion for leave to amend the complaint, pursuant to FED. R. CIV. P. 15(a), along with her first proposed amended complaint. [Br. of Appellant at App. 70-75]. That amendment sought to add new theories of

liability and to effectively cure the deficiencies which were noted as bases for dismissal.

The trial court denied appellant's motion for leave to amend by order entered November 5, 2001, citing the appellant's assertion that Bermudez' negligent operation of the vehicle was the cause of the accident, and her continued failure to allege a causal connection between her injuries and the Estate's non-compliance with 20 V.I.C. § 7(a), which provided no standard of conduct to state a claim for negligence. [Br. of Appellant at App. 107-08].[4] Thus, the court concluded that the proposed amendment would be futile to state a claim of negligence against the Estate.

On November 20, 2001, the appellant filed a second motion seeking leave to amend the complaint, along with a second proposed amended complaint. [Br. of Appellant at App. 109-26]. That amendment sought to expound on facts to establish proximate cause and liability under Sections 364 and 368 of the Restatement of Torts. [*See id.*]. Once again, the trial court denied appellant's motion to amend, in an order entered December 11, 2001, noting that the appellant's action against the appellee had previously been dismissed for failure to plead facts showing proximate cause and again noting the continued failure to do so. [Br. of Appellant at App. 154].

Thereafter, the appellant filed a Rule 60(b) motion for reconsideration of the court's December 11, 2001 order denying her second motion to amend, contending the trial court had improperly resolved the motion without the benefit of appellant's response to the appellee's opposition which was filed the same day the order was entered, and had also failed to consider available relief under section 364. [Br. of Appellant at App. 155, Mem. and Mot. For Recons. And Relief from Order]. The trial court entered order on January 8, 2002 denying appellant's motion for reconsideration, noting the standards for relief under FED. R. CIV. P. 60(b) had not been shown. [Br. of Appellant at 20-21].

Prior to filing this appeal, the appellant on January 16, 2002 petitioned the trial court for certification of an interlocutory order, given the fact that the underlying action against the remaining defendants remained pending. However, while denying the interlocutory procedure, the court certified its order denying reconsideration as final and immediately

---

[4]    Bermudez was later dismissed as a defendant, by stipulation.

appealable, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. This timely appeal followed.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

This Court has jurisdiction to review final judgments and orders of the Territorial Court in civil cases. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed 4 V.I.C. §§ 33-40, and reinstating appellate jurisdiction provisions); *See also* Revised Organic Act § 23A, 48 U.S.C. § 1613a.[5]

Our jurisdiction is properly invoked under V.I.R. APP. P. 5 where the notice of appeal is filed within 30 days of the date of entry of such final judgment or within 30 days of the resolution of a timely motion for reconsideration under 60(b). However, where the right to review is founded on a certifying order entered pursuant to FED. R. CIV. P. 54(b), an appeal is timely if filed within 30 days of the date of entry of that order. *See FDIC v. Tripati*, 769 F.2d 507, 508 (8th Cir. 1985) (noting that time for appeal begins to run on the date of certification) (citing *Page v. Preisser*, 585 F.2d 336, 338 (8th Cir. 1978); 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2661, at 128 (2d ed. 1983)).

We generally review the denial of a motion for reconsideration for abuse of discretion. *See Government of the Virgin Islands v. Innovative Communs. Corp.*, 215 F. Supp. 2d 603 (D.V.I. App. Div. 2002) (citations omitted). Our review of factual determinations underlying the court's denial of reconsideration is limited to clear error. *See id.* However, where the trial court's denial is based on the interpretation of legal precepts, our review of that denial is plenary. *See id.*

### B. Rule 54(b) Certification

The appellant having timely filed a notice of appeal after obtaining certification from the trial court, this Court may properly exercise its jurisdiction to reach the merits of the case, but only to the extent such

---

[5] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1) ["Revised Organic Act"].

certification was proper. *See Newfound Management Corp. v. Lewis*, 131 F.3d 108, 114, 37 V.I. 612 (3d Cir. 1997) (trial court's certification is not dispositive on the issue of proper appellate jurisdiction; noting also that propriety of a Rule 54(b) certification reviewed for abuse of discretion); *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 64 L. Ed. 2d 1, 100 S. Ct. 1460 (1980). A threshold issue, then, is whether the trial court properly-certified Frederick's appeal. Although neither party challenges the court's certification, we are compelled to inquire into our own jurisdiction. *See Hoots v. Pennsylvania*, 639 F.2d 972, 978 (3d Cir. 1981); *Newfound Management*, 131 F.3d at 114.

▆▆▆▆An appeal from a judgment entered as part of an action involving multiple parties or claims must ordinarily be reserved until the conclusion of the entire action and entry of final judgment, given the policies requiring finality of judgments and consideration of all of the issues in a particular case in a single appeal. *See Government of Virgin Islands ex rel. Larsen v. Ruiz*, 145 F. Supp. 2d 681, 683 (D.V.I. App. Div. 2000) (noting that appellate jurisdiction in 4 V.I.C. § 33 must be construed to reach only final orders, despite the absence of statutory language to that effect); *see also* V.I.R. APP. P. 5 (appeals as of right). There are, however, exceptions to that general rule, among them Federal Rule of Civil Procedure 54(b),[6] which permits the trial court to certify an otherwise unappealable judgment as final and immediately appealable:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment

---

[6]     That rule is applicable to actions in the Superior Court by virtue of SUPER. CT. R. 7.

adjudicating all the claims and the rights and liabilities of all the parties.

FED. R. CIV. P. 54(b). To qualify for certification under Rule 54(b), the underlying order must nonetheless be one that, but for the existence of unadjudicated claims or parties remaining in the same action, would otherwise satisfy the final judgment rule. The trial court must additionally expressly find that there is no just reason for delaying an appeal. *See Newfound Management*, 131 F.3d at 112; *see also, Curtiss-Wright*, 446 U.S. at 8; *Allis Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975) (noting that purpose of the rule is "to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties"). In the absence of such a finding, the appellate court cannot undertake its review unless the reasons therefor are obvious from the record. *See Allis Chalmers*, 521 F.2d at 365-66; *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 441 (3d Cir. 2003) (citing *Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999).

That the order appealed from satisfies the first prong of this inquiry is not subject to reasonable dispute.[7] However, the order fails to satisfy the second prong, where the trial court made no finding that there were no just reasons for delaying an appeal. That determination focuses on whether an immediate appeal would be "in the interest of sound judicial administration" and the equities of the case. *See Curtiss-Wright*, 446 U.S. at 8-9 (noting the court must weigh the equities and administrative concerns and the policies underlying the finality of judgments rule); *Newfound Management*, 131 F.3d at 112.

Several non-exclusive factors have been noted as proper considerations in determining whether an appeal under Rule 54(b) advances judicial administration and the equities of the parties, warranting a departure from the rule limiting appellate review to final judgments:

---

[7] That order effectively upheld the previously granted dismissal of the appellant's action against the Estate and barred assertion of a new theory to save the negligence claim. That dismissal was not made without prejudice to the appellant. *See Curtiss-Wright*, 446 U.S. at 7 (noting the order appealed from is a "'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'") (citation omitted).

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shorting the time of trial, frivolity of competing claims, expense, and the like.

*Allis Chalmers*, 521 F.2d at 364; *see also Curtiss-Wright*, 446 U.S. at 8.

In this instance, the trial court's order is devoid of any rationale regarding why an immediate appeal would serve public policy and sound judicial administration. Indeed, from the order it appears the court did not weigh the policies and factors underlying the rule. The court, in granting its Rule 54(b) certification, stated only:

Herein, the Plaintiff has requested of the Court to deem its January 8, 2002 order, denying Plaintiff's motion to reconsider, a final judgment, pursuant to FED. R. CIV. P. 54(b).

Therefore, the premises considered, and the Court otherwise being fully advised, it is hereby

**ORDERED** that the Court's January 8, 2002 Order, denying Plaintiff's motion for reconsideration is a final and appealable order, pursuant to FED. R. CIV. P. 54(b), and Plaintiff may proceed with her appeal as governed by TERR. CT. R. 176 in accordance with LRCi 76.1.

[Br. of Appellant at App. 171]. From the court's order, we cannot determine whether this is a proper case for Rule 54(b) relief. *See Allis Chalmers*, 521 F.2d at 365. Moreover, from our own review of the record in this case, and after weighing the factors noted above, it is not readily apparent why a departure from the finality of judgments rule is warranted in this instance, nor can we discern any countervailing factors which would warrant such relief.

Significantly, this case involves negligence claims against two parties, the property owner and possessor/lessor, based on the identical facts and transaction. As to both parties, the complaint asserts a

negligence action on two theories: negligence per se based on a violation of 20 V.I.C. § 7(a) and common law negligence based on sections 364 and 368 of the RESTATEMENT (SECOND) OF TORTS. In both instances, proof of the same set of facts and the same elements of damages would be required. Indeed, the complaint asserts joint and several liability based on one occurrence. Given this, it is inevitable that, if jurisdiction is assumed in this instance, this Court would be required to revisit the law and the facts of this case in a subsequent appeal. *See Curtiss-Wright*, 446 U.S. at 8 (noting that the fact that claims are interrelated and not separable or independent of the remaining claims militates strongly against Rule 54(b) review, because of the great likelihood of piecemeal appeals); *see also Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994) (noting claims not proper for Rule 54(b) appeal where they are too intertwined with the surviving claims) (citing 10 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2659 (1983)); *Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326 (1st Cir. 1988) (claims arising from identical facts too intertwined to justify review); *Caldwell-Baker Co. v. Southern Illinois Railcar Co.*, 209 F.R.D. 649, 650 (D. Kan. 2002) (certification improper where there was significant factual overlap in claims against the remaining defendants and where legal issues intertwined).

Moreover, resolving this appeal would place this Court in the undesirable position of resolving identical factual and legal issues remaining before the trial court and which have not yet been decided, thereby impacting the resolution of the remaining claim. There is further no obvious hardship that would accrue to the appellant in awaiting a final judgment in this case. Indeed, because the liability of both Walwyn and the Estate is premised on the duty of a land possessor to avoid dangerous conditions lending to an abutting public highway, the issues on appeal may very well become moot depending on the outcome of the trial as it relates to Walwyn.

While the only potential benefit in assuming jurisdiction at this time would be to facilitate resolution of the issues below and obviate the need for multiple trials on the same issues if the appellant is ultimately successful on appeal, this factor alone does not preponderate in favor of immediate appellate review in light of the interdependency of the claims,

the similarity of facts and parties, and the other considerations noted above.

## III. CONCLUSION

The trial court having failed to point to reasons justifying an immediate appeal of this matter, and this Court having identified no obvious reasons why appeal should not be delayed until final judgment, the appeal will be dismissed for lack of jurisdiction.