

**FILED**

January 07, 2021
ST-2002-CV-00117
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SENATOR ADLAH DONASTORG, Jr., BENEDICTA DONASTORG, ADLAH DONASTORG, Sr., JOSEFINA DONASTORG, ELLA MORON and NORMA DURAN, | ) ) ) ) ) ) | Case No.: **ST-2002-CV-00117** |
| | ) | **ACTION FOR DAMAGES** |
| Plaintiffs, | ) ) | **·JURY TRIAL DEMANDED** |
| v. | ) ) | |
| DAILY NEWS PUBLISHING CO. INC., LOWE DAVIS, HOLLAND "DYKE" REDFIELD, VITELCO, and OAKLAND BENTA, | ) ) ) ) ) | |
| Defendants. | ) | |

Cite as: 2021 VI Super 109U

**MEMORANDUM OPINION**

¶1 **THIS MATTER** is before the Court on the following:

1. Motion to Enter Final Judgment for Defendants Daily News Publishing Company, Inc. and J. Lowe Davis, filed February 7, 2018; and

2. Plaintiffs' Opposition To Defendants' Motion To Enter Final Judgment For Daily News Publishing Company, Inc. And J. Lowe Davis, filed May 22, 2018.

¶2 Because there are no outstanding claims against The Daily News Publishing Co. Inc. and J. Lowe Davis, and the remaining claims involve different parties, the Court will grant the Motion.

## I.  BRIEF BACKGROUND

¶3 Plaintiffs Senator Adlah Donastorg Jr., Benedicta Donastorg, Adlah Donastorg, Sr., Josefina Donastorg, Ella Moron, and Norma Duran[1] (hereinafter referred to as "Donastorg")

---

[1] The initial action was filed on March 1, 2002 by Senator Donastorg and his wife Benedicta against Daily News Innovative Communication Corporation ("ICC"), and ICC's owner, Jeffrey Prosser ("Prosser"). ICC and Prosser were severed as defendants in this action. ICC entered bankruptcy and no longer owns either Daily News Publishing Co., Inc., or VITELCO. VITELCO and Holland "Dyke" Redfield were added later added as Defendants. Senator Donastorg's father, Adlah Donastorg, Sr., Senator Donastorg's mother, Josefina Donastorg, and Senator Donastorg's sisters, Ella Moron and Norma Duran, were also later added as Plaintiffs.

asserted five causes of action against Daily News Publishing Co., Inc. and J. Lowe Davis[2] (collectively "Daily News"): (1) defamation; (2) interference with business relationships; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) invasion of privacy.[3] On July 30, 2014, Daily News moved for summary judgment.[4] By Order dated August 19, 2015, summary judgment was granted in favor of Daily News and Holland "Dyke" Redfield on all putative claims asserted against them in Donastorg's Fourth Amended Complaint.[5]

¶4     This matter still proceeds as to the remaining defendants VITELCO and Oakland Benta ("Benta"). As a result, Daily News now moves to "enter final judgment for [Daily News] and against [Donastorg] . . . pursuant to Rule 54(b) of the Virgin Islands Rules of Civil Procedure."

## II.     **LEGAL STANDARD**

¶5     Rule 54(b) provides:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[6]

## III.     **DISCUSSION**

¶6     Daily News argues that because the Court's summary judgment decision found that "there is no genuine issue of material fact to support the claim that they acted in a tortious manner, either singly or in concert with the remaining Defendants," the summary judgment decision should be adduced to a final judgment, which will allows Daily News to secure a judgment for attorney's fees and costs.

---

[2] Although named as separate defendants, Plaintiffs do not allege that Davis engaged in any tortious activity distinct from the tortious activity allegedly perpetrated by Daily News Publishing Co., Inc. Because Plaintiffs have not asserted an independent basis for liability against Davis, this Memorandum Opinion analyzes Plaintiffs' claims against Daily News Publishing Co., Inc. and Davis, together. This approach mirrors Plaintiffs' treatment of their own claims. *See generally* Pls.' Am. Resp. to Defs.' Stmt. of Facts 9–46 (discussing the allegedly actionable conduct of all Defendants without differentiating between Daily News Publishing Co., Inc. and Davis).

[3] Pls.' Fourth Am. Compl.

[4] On January 12, 2015, Redfield joined Daily News' summary judgment motion.

[5] *See generally Donastorg v. Daily News Publ'g Co. Inc.*, 63 V.I. 196 (V.I. 2015).

[6] V.I. R. Civ. P. 54(b).

¶7      Rule 54(b)[7] "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties."[8]  In rendering a final judgment decision, the U.S. Supreme Court has cautioned that this rule is not to be used routinely, and specifically, "the court must exercise its discretion 'in the interests of sound judicial administration'."[9]

¶8      When entering a decision under Rule 54(b), the court must make two findings. First, the court must make "an express determination that there was no just reason for delay, as literally required by the text of Rule 54(b)."[10]  Second, the Court must make a clear indication "that it was considering all the questions relevant to a Rule 54(b) determination."[11]  In addition, the Court must consider several non-exclusive factors in certifying a judgment as final under Rule 54(b):

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. [12]

¶9      The Court finds the circumstances of this case support entering the Court's summary judgment as final pursuant to Rule 54(b).  There is no just reason for delaying the entry of judgment with respect to the adjudicated claims against Daily News.  In entering summary judgment, the Court stated that:

> Although Plaintiffs purport to state multiple causes of action against Defendants, the Plaintiffs' theories of liability distill into two categories. Under the first category, Donastorg alleges that a specific defendant took a specific action, which in turn harmed a specific plaintiff. As an example, Plaintiffs allege that Daily News published certain articles and editorials, thereby defaming Senator Donastorg. Under the second category, Plaintiffs allege that all Defendants in this case were acting in concert, that any Defendant's allegedly-tortious conduct may be imputed to any or all of the other Defendants. Only once a defendant's

---

[7] The cases cited in this Opinion analyze the FED. R. CIV. P 54(b) which is identical to the V.I. R. CIV. P. 54(b).

[8] *Devcon Intern. Corp. v. Reliance Ins. Co.*, Civ. No. 2009-136, 2007 WL 4800356, at *2 (D.V.I. Dec. 21, 2007).

[9] *Id.* (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980)).

[10] *Hagley v. Hendricks*, S. Ct. Civ. No. 2007-26, 2007 WL 5060412, at *3 (V.I. Dec. 28, 2007) (unpublished).

[11] *Id.*

[12] *Firstbank Puerto Rico v. Webster*, Super. Ct. Civ. No. ST-12-CV-239, 2016 WL 3702773, at *4 (V.I. Super. Ct. July 1, 2016) (unpublished) (citing to *Hagley*, S. Ct. Civ. No. 2007-26, 2007 WL 5060412, at *4).

liability for its own alleged misconduct can be ascertained may that liability be imputed to the other defendants.[13]

¶10     Considering that, the Court found that Daily News was absolved of any liability under the theories of civil conspiracy, veil-piercing and reverse veil-piercing theories.[14]  Under the first theory, the Court found that because tortious conduct is a prerequisite for civil conspiracy, no reasonable jury could find Daily News liable.  In other words, Daily News is not liable for any of the tortious conduct attributed to them, and as a result, "no reasonable jury could conclude that Daily News committed their allegedly-tortious conduct in concert with the other remaining Defendants."[15]  In addition, under the second theory, this Court held that no reasonable jury could find that Daily News exercised sufficient control over VITELCO to justify holding Daily News liable for any liability that VITELCO may incur.[16]  Alternatively, there is no evidence that suggests VITELCO or Benta owned any portion of or occupied a position sufficient to exercise control over Daily News to also justify holding Daily News accountable for any liability that VITELCO or Benta may incur.[17]

¶11     Accordingly, "no appellate court would have to decide the same issues more than once even if there were subsequent appeals" since the Court found no concerted action pursuant to an alleged common design between Daily News and any of the other parties.[18]

¶12     In specifically applying the factors above to this case, there is no relationship between the adjudicated and unadjudicated claims.  Donastorg argues that the claims and parties are interrelated because VITELCO and Daily News were used to further their former owner's personal objectives.  In addition, Donastorg argues that Benta was an agent of VITELCO and participated in the scheme.

¶13     While the factual relationship between the claims is one factor to be considered in granting a final judgment under Rule 54(b), it is not determinative.[19]  The Court rejected the multiple theories under which Donastorg proffers that the conduct of one defendant may be imputed upon another defendant for the purposes of establishing the liability of the second defendant.[20]  In other words, Donastorg failed to establish that Daily News was controlled by VITELCO or Benta to subject itself to liability, or that VITELCO or Benta controlled Daily News to subject Daily News

---

[13] *Donastorg,* 63 V.I. at 218-19.

[14] *Id.* at 328-46.

[15] *Id.* at 345.

[16] *Id.* at 345-46 ("To the contrary, Plaintiffs pled that VITELCO was wholly owned by ICC during the operative periods of this lawsuit."). Benta was not analyzed under the veil-piercing theory because Benta is an individual and not a corporate defendant.

[17] *Id.*

[18] *Id.; Devcon Intern. Corp,* Civ. No. 2009-136, 2007 WL 4800356, at *3 (potential future appeals will not involve similar issues because summary judgment absolved claims).

[19] *Cold Metal Process Co. v. United Engineering & Foundry Co.,*76 S. Ct. 904, 909 (1956).

[20] *Donastorg,* 63 V.I. at 328-46.

also to any liability they may incur.[21] The claims against Daily News are adjudicated because, not only was Daily News not found liable for its own alleged tortious conduct, but because of such, Daily News could not be found to be liable for any tortious conduct that may be attributed to the remaining claims against VITELCO and Benta.[22]

¶14 Similarly, there is no possibility that the need for review is likely to be mooted by future developments in the trial court. Donastorg argues that all the Defendants are intertwined based on their business relationships. However, the remaining claims and parties different from the adjudicated claims.[23] Moreover, Donastorg's remaining claims against VITELCO and Benta are completely distinct from the claims against Daily News.[24] In fact, Donastorg does not assert that VITELCO published defamatory statements but, rather, that the statements were made on behalf of VITELCO.[25] Likewise, Donastorg alleges that Benta was used by VITELCO and others to investigate Donastorg.[26] Conversely, Daily News is alleged to have published the defamatory statements and invaded Donastorg's privacy.[27] Furthermore, this Court found that there were no concerted actions among Daily News, VITELCO and Benta that would warrant Daily News being held accountable for any liability that VITELCO and Benta may incur.[28]

¶15 While Donastorg correctly asserts that Rule 54(b) is used to avoid unnecessary piecemeal appeals, Donastorg has offered no compelling arguments that the claims dismissed by the summary judgment decision are likely to be heard a second time. Rather, Donastorg states that the parties will seek appeals especially if VITELCO and Benta's pending summary judgment motions are decided in their favor. Furthermore, Donastorg states that "judicial efficiency will be preserved by allowing the appellate court to review this case as whole." While Donastorg asserts that this case's foundation involves claims against specific defendants, and that all defendants acted in concert, this is unfounded.[29] The instant case is unlike *Frederick v. Armstrong*, where the claim against two parties involved identical facts and transactions.[30] Here, there is no factual overlap in the remaining claims against VITELCO and Benta.[31]

---

[21] *Id.* at 344-46.

[22] *Id.*

[23] *Id.*

[24] Fourth Am. Compl. ¶¶ 12(a)-(c), 20. *See also* Pls.' Mem. of Law in Opp. to Def. VITELCO's Mot. for J. on the Pleadings Dismissing Sen. Donastorg's Defamation Claim 18–20 (arguing that Redfield made defamatory statements on VITELCO's behalf); *id.* at 26–36 (arguing that the allegedly-defamatory material published by Daily News should be attributed to VITELCO).

[25] *Donastorg*, 63 V.I. at 218-19 n.18.

[26] *Id.* n. 22-23.

[27] *Id.* 328-46.

[28] *Id.*

[29] *Donastorg*, 63 V.I. at 218-19.

[30] *Frederick v. Armstrong*, 47 V.I. 473, 482-83 (D.V.I. 2005).

[31] *Id.* at 483. (quoting *Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326 (1st Cir.1988) (claims arising from identical facts too intertwined to justify review).

¶16    Moreover, the Court has no method to determine the possibility that the reviewing court might be obliged to consider the same issue a second time.  However, in *Devcon Intern. Corp. v. Reliance Ins. Co.*, the court, in analyzing this factor, determined that since a favorable summary judgment fully removed that defendant from liability, "no possibility exists that could result in a setoff against its liability or lack thereof."[32]  Similarly, here, this Court's 2015 decision absolved Daily News from any liability – both individually or in concert with the other defendants – and therefore, the Court is inclined to reach the same conclusion on this factor as in *Devcon*.[33]

¶17    The last factor considers delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Donastorg argues that Daily News only "want to collect fees and expenses." Such a response does not explicitly address these miscellaneous factors as to the other Defendants or Plaintiffs in this case. However, it does imply an economic consideration that actually favors Daily News – Donastorg's claims in this case, ultimately unfounded, have resulted in drawn out, expensive litigation that has burdened Daily News.

¶18    Furthermore, Donastorg argues that Daily News failed to state any reasons that "would hinder delay, nor any economic solvency considerations." While Daily News provides no reason that satisfies this factor, the Court notes that these factors are not exclusive.[34]  Rather, these non-exclusive factors are not a prerequisite but are used to determine whether an entry under Rule 54(b) advances judicial administration and the equities of the parties.[35]  While an entry of a final judgment pursuant to Rule 54(b) is not advised to accommodate counsel, the Court recognizes that aside from the $280,000.00 in expenses, this litigation has been ongoing for eighteen years.[36]

## IV:    CONCLUSION

¶19    By an 89-page Memorandum Opinion and Order entered August 19, 2015, the Court granted summary judgment to Daily News on each claim, finding that no reasonable jury could find in Donastorg's favor against Daily News.  Because of this, Daily News could not be held liable for any liability the remaining Defendants VITELCO and Benta may incur.  Since there are no outstanding claims against Daily News, the Court finds that there is no just reason for delay. In addition, the adjudicated claims are distinct from the remaining parties and the claims against them.

---

[32] *Devcon Intern. Corp*, Civ. No. 2009-136, 2007 WL 4800356, at *3.

[33] *Id.*

[34] *Armstrong*, 47 V.I. at 482.

[35] *Id.*

[36] *Braswell Shipyards, Inc.*, 2 F.36 1335-6 (quoting *Morrison–Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir.1981) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.").

*Donastorg et al. v. Daily News Publishing Co. Inc. et al.*
Case No. ST-2002-CV-00117
**Memorandum Opinion**
Page 7 of 7

Cite as 2021 VI Super 109U

¶20    Thus, the Court finds the entry of final judgment on the claims between Donastorg and Daily News to be in the interest of sound judicial administration. Accordingly, the Motion to Enter Final Judgment for Defendants Daily News Publishing Company, Inc. and J. Lowe Davis, filed February 7, 2018, will be granted. A judgment consistent with this Memorandum Opinion follows.

DATED:  January  7  , 2021

**DENISE M. FRANCOIS**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

By: _____
for **LORI BOYNES**
    Chief Deputy Clerk  1 / 7 /2021

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SENATOR ADLAH DONASTORG, Jr.,<br>BENEDICTA DONASTORG, ADLAH<br>DONASTORG, Sr., JOSEFINA<br>DONASTORG, ELLA MORON and<br>NORMA DURAN, | )<br>)<br>)<br>)<br>)<br>) | Case No.: ST-2002-CV-00117<br><br>ACTION FOR DAMAGES |
|            Plaintiffs, | )<br>) | JURY TRIAL DEMANDED |
| v. | )<br>) | |
| DAILY NEWS PUBLISHING CO. INC.,<br>LOWE DAVIS, HOLLAND "DYKE"<br>REDFIELD, VITELCO, and OAKLAND<br>BENTA, | )<br>)<br>)<br>)<br>) | |
|            Defendants. | )<br>) | |

## FINAL JUDGMENT AS TO DEFENDANTS DAILY NEWS PUBLISHING COMPANY, INC. AND J. LOWE DAVIS

**AND NOW**, consistent with this Court's Memorandum Opinion entered on even date, it is hereby

**ORDERED** that the Motion to Enter Final Judgment for Defendants Daily News Publishing Company, Inc. and J. Lowe Davis, filed February 7, 2018, is **GRANTED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that final judgment is entered against the Plaintiffs and in favor of Defendants Daily News Publishing Company, Inc. and J. Lowe Davis with respect to this Court's Memorandum Opinion and accompanying Order entered on August 19, 2015, which dismissed with prejudice Counts One, Two, Three and Four of Plaintiffs' Fourth Amended Complaint as to Defendants Daily News Publishing Company, Inc. and J. Lowe Davis; and it is further

*Donastorg et al. v. Daily News Publishing Co. Inc. et al.*
Case No. ST-2002-CV-00117
Final Judgment as to Defendants Daily News Publishing Company, Inc. and J. Lowe Davis
Page 2 of 2

**ORDERED** that a copy of this Final Judgment as to Defendants Daily News Publishing Company, Inc. and J. Lowe Davis and accompanying Memorandum Opinion shall be directed to counsel of record.

DATED: January 7, 2021

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

By: _____

for **LORI BOYNES**
Chief Deputy Clerk _1 / 7 / 2021_